STEPHEN T. KAM (Cal. Bar No. 327576)
Email:  kams@sec.gov
SARAH S. NILSON (Cal. Bar No. 254574)
Email:  nilsons@sec.gov
WENDY E. PEARSON (Cal. Bar No. 211099)
Email: pearsonw@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine Zoladz, Regional Director
Brent Wilner, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW LEFT, AND CITRON CAPITAL, LLC, <br><br> Defendants. | Case No.  2:24-cv-06311-SPG(JCx) <br><br> **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND MOTION TO STRIKE** <br><br> Date:        November 20, 2024 <br> Time:        1:30 p.m. <br> Ctrm:       5C <br> Judge:      Hon. Sherilyn P. Garnett |

## **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................1

II.     LEGAL STANDARDS GOVERNING THE REVIEW OF EXTERNAL
        DOCUMENTS ON A MOTION TO DISMISS .............................................2

        A.      Courts May Not Consider External Exhibits on a Motion to Dismiss.2

        B.      Matters Subject to Judicial Notice ...........................................2

        C.      Documents Incorporated by Reference ................................................4

        D.      Courts May Not Weigh Competing Factual Narratives on a Motion to
                Dismiss ............................................................................5

        E.      Courts May Strike Non-Relevant Exhibits .........................................5

III.    ARGUMENT....................................................................................6

        A.      The Court Should Strike Exhibits A and B (Purported Disclaimers)..6

                1.      The Court May Not Take Judicial Notice of These Exhibits ....7

                2.      These Exhibits Were Not Incorporated by Reference into the
                        Complaint....................................................................9

                3.      Defendants Inappropriately Request that the Court Weigh
                        Competing Factual Narratives on a Motion to Dismiss..........11

        B.      The Court Should Strike Exhibits C, G, and J (Purported SEC Settled
                Orders and Third-Party Petition)........................................................12

                1.      Exhibits C and G .........................................................13

                        a.      The Court May Not Take Judicial Notice of These
                                Exhibits ........................................................13

                        b.      The Exhibits Were Not Incorporated by Reference Into
                                the Complaint................................................15

                2.      Exhibit J .................................................................15

                        a.      The Court May Not Take Judicial Notice of This Exhibit
                                .......................................................................15

                        b.      The Exhibit Was Not Incorporated by Reference Into the
                                Complaint .....................................................16

                3.      Defendants Inappropriately Request that the Court Weigh
                        Competing Factual Narratives ........................................16

        C.      The Court Should Strike Exhibits D, F, H, and I (Historical Stock
                Prices of Four Target Companies) ....................................................16

                1.      The Court May Not Take Judicial Notice of These Exhibits ..17

2.    The Exhibits Were Not Incorporated by Reference Into the
Complaint ................................................................................ 19

3.    Defendants Inappropriately Request that the Court Weigh
Competing Factual Narratives .................................................. 19

D.    The Court Should Strike Exhibit E (BYND Article) ......................... 20

IV.    CONCLUSION............................................................................................ 20

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Banks v. Clark Cnty., Nev.*
461 F. App'x 585 (9th Cir. 2011) ......................................................... 3

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ............................................................................ 2

*Benhabib v. Hughes Elecs. Corp.*
No. 04-cv-0095-CAS-VBKx, 2007 WL 4144940
(C.D. Cal. Mar. 30, 2007) ................................................................. 14

*BMG Rts. Mgmt. (US) LLC v. Joyy Inc.*
644 F. Supp. 3d 602 (C.D. Cal. 2022) ............................................... 10

*Brooke v. Suites LP*
No. 3:20-CV-01217-H-AHG, 2020 WL 6149963
(S.D. Cal. Oct. 19, 2020) .................................................................... 6

*Cal. Sportfishing Protection All. v. Shiloh Grp., LLC*
268 F. Supp. 3d 1029 (N.D. Cal. 2017) ........................................... 3, 9

*Campanelli v. Bockrath*
100 F.3d 1476 (9th Cir. 1996) ............................................................ 2

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*
957 F. Supp. 2d 277 (S.D.N.Y. 2013) ................................................. 6

*Del Puerto Water Dist. v. U.S. Bureau of Reclamation*
271 F.Supp.2d 1224 (E.D. Cal. 2003) ................................................. 3

*DeMarco v. DepoTech Corp.*
149 F. Supp. 2d 1212 (S.D. Cal. 2001) ............................................... 6

*DiFolco v. MSNBC Cable L.L.C.*
622 F.3d 104 (2d Cir. 2010) .............................................................. 12

*Dorfman v. Nutramax Lab'ys, Inc.*
No. 13CV0873 WQH RBB, 2013 WL 5353043
(S.D. Cal. Sept. 23, 2013) ................................................................. 11

*Ecological Rts. Found. v. PacifiCorp*
No. 23-CV-05179-JST, 2024 WL 3186566
(N.D. Cal. June 26, 2024) ............................................................... 3, 18

*Enesco Corp. v. Price/Costco, Inc.*
146 F.3d 1083 (9th Cir. 1998) ............................................................ 2

*GeoVector Corp. v. Samsung Elecs. Co.*
234 F.Supp.3d 1009 (N.D. Cal. 2017) ................................................ 4

*Gerritsen v. Warner Bros. Ent. Inc.*
112 F. Supp. 3d 1011 (C.D. Cal. 2015) ............................................... 9

iii                                    Case No. 2:24-cv-06311-SPG(JCx)

*Gerritsen v. Warner Bros. Entm't Inc.*
   112 F. Supp. 3d 1011 (C.D. Cal. 2015) ............................................... 14

*Goldman v. Belden*
   754 F.2d 1059 (2d Cir. 1985) .............................................................. 12

*In re Am. Apparel, Inc. S'holder Litig.*
   855 F. Supp. 2d 1043 (C.D. Cal. 2012) ............................................... 5

*In re Convergent Techs. Sec. Litig.*
   948 F.2d 507 (9th Cir. 1991) ............................................................... 8

*In re Immune Response Sec. Litig.*
   375 F. Supp. 2d 983 (S.D. Cal. 2005) ......................................... 2, 4, 11

*Jones v. Pfizer, Inc.*
   10-cv-3864-AKH, 2011 WL 13257527
   (S.D.N.Y. 2011) ................................................................................. 6

*Khoja v. Orexigen Therapeutics, Inc.*
   899 F .3d 988 (9th Cir. 2018) ........................... 1, 2, 3, 4, 5, 7, 8, 10, 14, 16, 20

*Kroutilin v. FCA US, LLC*
   No. 822CV00929FWSDFM, 2022 WL 18278602
   (C.D. Cal. Dec. 7, 2022) ..................................................................... 2

*Laatz v. Zazzle, Inc.*
   682 F. Supp. 3d 791 (N.D. Cal. 2023) .............................................. 3, 9

*Lacayo v. Donahoe*
   No. 14-CV-04077-JSC, 2015 WL 993448
   (N.D. Cal. Mar. 4, 2015) ..................................................................... 4

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir. 2001) ....................................................... 2, 4, 11, 16, 17

*Levenstein v. Salafsky*
   164 F.3d 345 (7th Cir. 1998) .............................................................. 4

*Lonberg v. Freddie Mac*
   776 F. Supp. 2d 1202 (D. Or. 2011) ................................................... 4

*Lopez v. U.S.*
   No. CV-21-00255-TUC-DCB, 2023 WL 3008073
   (D. Ariz. Apr. 19, 2023) ..................................................................... 12

*Marty v. Anheuser-Busch Companies, LLC*
   43 F. Supp. 3d 1333 (S.D. Fla. 2014) ................................................. 9

*Mora v. Block, Inc.*
   No. 24-cv-00739-EX, 2024 WL 1311289
   (C.D. Cal. Mar. 27, 2024) ................................................................... 14

*Patel v. Parnes*
   253 F.R.D. 531 (C.D. Cal. 2008) ........................................................ 5

*Pearson v. Arizona*
    No. CV-20-00237-PHX-MTL, 2020 WL 5544373
    (D. Ariz. Sept. 16, 2020) ...................................................... 3

*Reina-Rodriguez v. U.S.*
    655 F.3d 1182 (9th Cir. 2011) ............................................... 2

*Rogers v. King Cnty.*
    No. 223CV01034DGEGJL, 2024 WL 810636
    (W.D. Wash. Feb. 27, 2024) ................................................. 19

*Santa Monica Food Not Bombs v. City of Santa Monica*
    450 F.3d 1022 (9th Cir. 2006) ............................................... 3

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*
    552 F. Supp. 3d 901 (N.D. Cal. 2021) .................................. 11

*Scott v. Kuhlmann*
    746 F.2d 1377 (9th Cir. 1984) ......................................... 12, 14

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*
    119 F. Supp. 3d 1213 (C.D. Cal. 2015) ................................ 17

*SEC v. AirTrac*
    No. CV 06-6582-JVS (RNBx), 2008 WL 11334597
    (C.D. Cal. Jan. 2, 2008) ....................................................... 18

*SEC v. Blavin*
    557 F.Supp. 1304 (E.D. Mich. 1983)
    aff'd 760 F.2d 706 (6th Cir. 1985) ......................................... 8

*SEC v. Currency Trading Int'l, Inc.*
    No. CV 02-5143PA, 2004 WL 2753128
    (C.D. Cal. Feb. 2, 2004) ....................................................... 18

*SEC v. Gallagher*
    No. 21-CV-8739 (PKC), 2023 WL 6276688
    (S.D.N.Y. Sept. 26, 2023) ................................................... 14

*SEC v. Gane*
    No. 03-61553-CIV-SEITZ, 2005 WL 90154
    (S.D. Fla. Jan. 4, 2005) ......................................................... 8

*SEC v. Lidingo Holdings, LLC*
    No. C17-1600 RSM, 2018 WL 2183999
    (W.D. Wash. May 11, 2018) ................................................. 16

*SEC v. Sripetch*
    20-cv-01864-H-AGS, 2020 WL 6396927
    (S.D. Cal. Nov. 2, 2020) ........................................................ 8

*Sunrise MountainView Hosp., Inc. v. Blue Cross Blue Shield Healthcare Plan
    of Georgia, Inc.*
    No. 2:23-CV-00992-MMD-BNW, 2024 WL 3299987
    (D. Nev. Mar. 7, 2024) .......................................................... 6

*Trendy Continue, Inc. v. Your Runway*
   No. 2:14-CV-04271-CAS SH, 2014 WL 3810210
   (C.D. Cal. July 31, 2014) ...........................................................2

*U.S. v. LSL Biotechnologies*
   379 F.3d 672 (9th Cir. 2004) ............................................11, 16

*U.S. v. Ritchie*
   342 F.3d 903 (9th Cir. 2003) ...................................................4

*Waterman v. Wells Fargo & Co.*
   No. 17-cv-7190-MWF-JEMx, 2018 WL 287171
   (C.D. Cal. Jan. 4, 2018) ..........................................................14

*Williams v. Gerber Prods. Co.*
   552 F.3d 934 (9th Cir. 2008) .................................................11

*Wilson v. Edison Int'l, Inc.*
   No. LA CV15-09139 JAK (PJWx), 2016 WL 7469601
   (C.D. Cal. July 6, 2016) ............................................................4

*Wright v. Waste Pro USA, Inc.*
   No. 2:17-CV-02654-DCN, 2019 WL 5896516
   (D.S.C. Nov. 12, 2019) ...........................................................12

*Zweig v. Hearst Corp.*
   94 F.2d 1261 (9th Cir. 1979) .................................................16

**Securities Act of 1933**

Section 17(a)(2)
   [15 U.S.C. § 77q(a)(2)] ...........................................................10

**Securities Exchange Act of 1934**

Section 10(b)
   [15 U.S.C. § 78j(b)] ..........................................................10, 17

**Federal Regulations**

Rule 10b-5
   [17 C.F.R. § 240.10b-5] ...........................................................10

**Federal Rules of Evidence**

Fed. R. Evid. 201(b) ..................................................................2

Fed. R. Evid. 901 .....................................................................17

Fed. R. Evid. 902 .....................................................................17

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6) ........................................................2, 11, 16

## I.   **INTRODUCTION**

On July 26, 2024, the SEC filed its Complaint against Defendants Andrew Left and Citron Capital, LLC. (Dkt. No. 1, "Compl."). On October 4, 2024, along with their Motion to Dismiss the Complaint (Dkt. No. 19-1, the "Mot."), Defendants filed a Request for Judicial Notice (Dkt. No. 19-2, the "Req."), which attached 10 exhibits that they request the Court consider with their Motion. The SEC objects to the submission of these exhibits, each of which has been impermissibly offered for the truth of the matter asserted therein as made clear by the factual assertions in Defendants' brief in support of their Motion, and none of which were attached to or relied upon in the Complaint. Under long-established Ninth Circuit law, which was reiterated and clarified in 2018 in *Khoja v. Orexigen Therapeutics, Inc.*, these exhibits cannot be considered on a motion to dismiss. 899 F.3d 988 (9th Cir. 2018).

The exhibits to which the SEC objects, described in more detail below, consist of (i) a purported disclaimer appearing on a subpage of Citron Research's website (Ex. A) and a Citron Research report containing a purported disclaimer (Ex. B), (ii) documents purportedly appearing on the SEC's website (Exs. C, G, and J), (iii) spreadsheets purporting to represent the stock prices of 4 companies that were the subjects of Citron Research publications (Exs. D, F, H, and I), and (iv) a purported CNBC news article (Ex. E). None of these exhibits were referenced in the Complaint or form the basis of any of the SEC's claims.

By including these exhibits, Defendants demand that the Court weigh competing narratives, rather than evaluate the sufficiency of the Complaint. Throughout their Motion, Defendants also heavily rely on these exhibits. The Court should strike these exhibits from consideration, as well as any arguments in the Defendants' Motion that rely on these exhibits. Accordingly, the SEC respectfully requests that Defendants' Request for Judicial Notice be denied in its entirety.

1

## II.  LEGAL STANDARDS GOVERNING THE REVIEW OF EXTERNAL DOCUMENTS ON A MOTION TO DISMISS

### A.  Courts May Not Consider External Exhibits on a Motion to Dismiss

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 994 (S.D. Cal. 2005); *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998) (review is limited to the contents of the complaint); *Campanelli v. Bockrath,* 100 F.3d 1476, 1479 (9th Cir. 1996) (same); *Kroutilin v. FCA US, LLC*, No. 822CV00929FWSDFM, 2022 WL 18278602, at *2 (C.D. Cal. Dec. 7, 2022) (same); *Trendy Continue, Inc. v. Your Runway*, No. 2:14-CV-04271-CAS SH, 2014 WL 3810210, at *2 (C.D. Cal. July 31, 2014) ("[A] court cannot consider material outside of the complaint.").

Under limited circumstances, a court may consider materials if the matter is subject to judicial notice or if the document is incorporated into the complaint by reference.

### B.  Matters Subject to Judicial Notice

Courts may consider matters of which judicial notice may be taken. *See Lee,* 250 F.3d at 688.  "Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 593 n.11 (2007).

The Ninth Circuit has held, however, that at the motion to dismiss stage, "[i]t is improper to judicially notice a [document] when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'" *Khoja*, 899 F.3d at 1000 (quoting *Reina-Rodriguez v. U.S.*, 655 F.3d 1182, 1193 (9th Cir. 2011)); *Del Puerto Water Dist. v. U.S. Bureau of*

2

1  *Reclamation*, 271 F.Supp.2d 1224, 1234 (E.D. Cal. 2003) ("Judicial Notice is taken

2  of the existence and authenticity of the [documents].  To the extent their contents are

3  in dispute, such matters of controversy are not appropriate subjects for judicial

4  notice.")  The noticed fact must be relevant to the central question of whether the

5  complaint has pleaded sufficient facts to support its claims.  *See Banks v. Clark Cnty.*,

6  Nev., 461 F. App'x 585, 587 (9th Cir. 2011) (affirming denial of request for judicial

7  notice of document that "proffers irrelevant factual evidence on a motion which tests

8  only the sufficiency of the allegations of the amended complaint"); *Pearson v.

9  Arizona, No.* CV-20-00237-PHX-MTL, 2020 WL 5544373, at *2 (D. Ariz. Sept. 16,

10  2020) (noting that "the Ninth Circuit has declined to take judicial notice of facts that

11  are irrelevant") (citing *Santa Monica Food Not Bombs v. City of Santa Monica*, 450

12  F.3d 1022, 1025 n. 2 (9th Cir. 2006)); *Ecological Rts. Found. v. PacifiCorp*, No. 23-

13  CV-05179-JST, 2024 WL 3186566, at *4 (N.D. Cal. June 26, 2024) (declining to

14  take judicial notice at the motion to dismiss stage of documents that were not

15  necessary to resolve questions of the sufficiency of the complaint); *Cal. Sportfishing

16  Protection All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1039 (N.D. Cal. 2017)

17  (same).  If the proffered document is not relevant to determining the sufficiency of

18  the complaint, then the court may not take judicial notice of either the contents of the

19  document or the document's existence.  *See Laatz v. Zazzle, Inc*., 682 F. Supp. 3d

20  791, 804 (N.D. Cal. 2023) ("The Court also declines to take judicial notice of the fact

21  that the document was available in the public realm, because the mere fact of its

22  existence is not relevant to the sufficiency of Plaintiff's FAC.")

23       In short, a court may take judicial notice of undisputed facts which are part of

24  the public record where there is no question as to authenticity, that are not subject to

25  different factual interpretations, and are relevant to the question of whether the

26  complaint has pleaded sufficient facts to support its claims.  *See Khoja*, 899 F.3d at

27  999.  However, even if all of these criteria are met, the court is limited to only taking

28  notice of the existence of the document itself, and not the actual contents of the

3

document.  *See Lacayo v. Donahoe,* No. 14-CV-04077-JSC, 2015 WL 993448, at *10 (N.D. Cal. Mar. 4, 2015) (taking judicial notice of documents in ruling on a motion to dismiss "only. . .[as to] the existence of the administrative proceedings and the agency's findings," and not "credit[ing] the truth of any fact recounted or matter asserted in the documents"); *GeoVector Corp. v. Samsung Elecs. Co.*, 234 F.Supp.3d 1009, 1016 n.2 (N.D. Cal. 2017) (only taking judicial notice of the fact that patent application had been filed, but not the contents of the application); *Wilson v. Edison Int'l, Inc.*, No. LA CV15-09139 JAK (PJWx), 2016 WL 7469601, at *6 (C.D. Cal. July 6, 2016) (taking judicial notice of news articles "for the limited purpose of showing that they were exchanged or published, and not for the truth of the matters asserted").

## C. Documents Incorporated by Reference

In addition to judicial notice, a court may consider a document that is not physically attached to the complaint if it is incorporated by reference.  A document may be deemed incorporated by reference into a complaint only if "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  In addition, the document's authenticity must be uncontested.  *See Lee*, 250 F.3d at 689.

"The mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Lonberg v. Freddie Mac*, 776 F. Supp. 2d 1202, 1206 (D. Or. 2011) (citation omitted).  Generally, a document forms the basis of the plaintiff's claims when the claim "arise[s] from" the document. *Khoja*, 899 F.3d at 1006.  However, this "narrow exception . . . is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *In re Immune Response Sec. Litig.,* 375 F. Supp. 2d at 994-95 (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)).

Recognizing that "[o]nce documents are incorporated into a complaint, a district court faces competing, often inconsistent versions of the facts," the Ninth Circuit has held that "it is improper to assume the truth of an incorporated document

4

1    if such assumptions only serve to dispute facts stated in a well-pleaded complaint."

2    *Khoja*, 899 F.3d at 1003, 1014.  Specifically, a "document that merely creates a

3    defense" to the allegations in the complaint may not be incorporated by reference, as

4    "defendants could use the doctrine to insert their own version of events into the

5    complaint to defeat otherwise cognizable claims."  *Id.* at 1002.

### D.    Courts May Not Weigh Competing Factual Narratives on a Motion to Dismiss

8    Courts have made clear that judicially noticeable matters or documents

9    incorporated into the complaint cannot be considered to prove the truth of the

10   information contained in them.  *See In re Am. Apparel, Inc. S'holder Litig.*, 855 F.

11   Supp. 2d 1043, 1062 n. 143 (C.D. Cal. 2012).  Courts must still accept the allegations

12   of the complaint as true.  In other words, these concepts are not a proper basis for

13   disputing the factual allegations appearing in the plaintiff's complaint.  *See Patel v.*

14   *Parnes*, 253 F.R.D. 531, 545-46 (C.D. Cal. 2008) (rejecting the use of SEC Form 4 to

15   challenge the truth of allegations in complaint).

16   This is because the Court's role on a motion to dismiss is not to weigh

17   competing narratives, but solely to decide the sufficiency of the allegations on the

18   face of the complaint.  The Ninth Circuit has cautioned that "Defendants face an

19   alluring temptation to pile on numerous documents to their motions to dismiss to

20   undermine the complaint, and hopefully dismiss the case at an early stage.  Yet the

21   unscrupulous use of extrinsic documents to resolve competing theories against the

22   complaint risks premature dismissals of plausible claims . . . This risk is especially

23   significant in SEC fraud matters, where there is already a heightened pleading

24   standard, and the defendants possess materials to which the plaintiffs do not yet have

25   access."  *Khoja*, 899 F.3d at 998.

### E.    Courts May Strike Non-Relevant Exhibits

27   Given that a motion to dismiss is "not the time to decide the merits," the Court

28   may grant a motion to strike in order to "exercise [its] discretion to confine [its]

5

review only to the pleadings and the briefs in support of and in opposition to the motion." *Jones v. Pfizer, Inc.*, 10-cv-3864-AKH, 2011 WL 13257527, at *1 (S.D.N.Y. 2011) (striking exhibits offered); *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1219 (S.D. Cal. 2001) (granting motion to strike portions of document because the complaint "makes passing reference to the [document], but does not discuss its contents in extensive detail"); *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 286-89 (S.D.N.Y. 2013) (granting motion to strike news articles and SEC filings attached as exhibits to declaration in support of motion to dismiss).  If the court strikes an exhibit, then any arguments which rely on that exhibit must not be considered by the court.  *See Sunrise MountainView Hosp., Inc. v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.*, No. 2:23-CV-00992-MMD-BNW, 2024 WL 3299987, at *4 (D. Nev. Mar. 7, 2024) (declining to consider argument "because it relies entirely on Defendant's proffered exhibit, which the Court has declined to consider"); *Brooke v. Suites LP,* No. 3:20-CV-01217-H-AHG, 2020 WL 6149963, at *3 (S.D. Cal. Oct. 19, 2020) (declining to consider defendant's arguments because they "rel[y] on extrinsic evidence that the Court generally should not consider at this point in the litigation").

## III.    <u>ARGUMENT</u>

### A.    The Court Should Strike Exhibits A and B (Purported Disclaimers)

Defendants invite the Court to consider Exhibits A and B to establish the truth of facts stated therein: a disclaimer that purportedly appeared in a subsection of Citron Research's website and Citron Research's July 2019 report on NVTA. Defendants argue that the Court should consider the contents of these exhibits and interpret them in the light most favorable to Defendants to support their defense on the merits – that they owed no duty to Citron Research readers, that any false and misleading statements were not material, and that Defendants did not act with scienter.  *See* Mot. at 4-6, 10.

6

1            **1.    The Court May Not Take Judicial Notice of These Exhibits**

2        Exhibits A and B are not appropriate for judicial notice because they "are

3    subject to varying interpretations, and there is a reasonable dispute as to what [they]

4    establish[]." *Khoja*, 899 F.3d at 1000 (citation omitted).  Defendants not only urge

5    the court to accept their interpretation of these exhibits, but in doing so they also

6    heavily mischaracterize what the exhibits represent.  Exhibit A did not alert readers to

7    Defendants' false statements or any of the alleged misconduct that forms the basis for

8    the SEC's claims – namely that Defendants told readers that they had a short or long

9    position in a target company and expected the company's stock to trade at a particular

10   target price, when they actually intended to reverse their position in the target stock

11   almost immediately after publishing and at a price far different than they had

12   conveyed to the market, allowing Defendants to profitably sell when they were telling

13   the market to buy and profitably buy when they were telling the market to sell

14   (referred to herein as "contra-recommendation trading").  Compl. ¶¶ 76-80, 197.

15   Rather, the disclaimer, buried in a subsection of the website, only contained the

16   following generic language: "*The principals of Citron Research most always hold a*

17   *position in any of the securities profiled on the site. Citron Research will not report*

18   *when a position is initiated or covered*."  Dkt. No. 19-4.

19       The SEC also disputes Defendants' mischaracterization of the purported

20   disclaimer in Exhibit B.  The vague language of this purported disclaimer similarly

21   did not put readers on notice of Defendants' contra-recommendation trading, other

22   deceptive conduct, or false statements.  Rather, this disclaimer only put readers on

23   notice that Defendants "*may realize significant gains in the event that the prices of a*

24   *Covered Issuer's securities decline or appreciate*."  Dkt. No 19-5.

25       To say that Left "may" do something when he knew that he would do it—and

26   in some instances had already begun doing it—is irrelevant as to whether the SEC has

27   adequately pleaded facts in support of its claims and is also insufficient as a matter of

28   law.  *See SEC v. Sripetch*, 20-cv-01864-H-AGS, 2020 WL 6396927 at *4-5 (S.D.

7

1    Cal. Nov. 2, 2020) (disclosures that defendants "may liquidate" shares or "could very

2    well be selling shares of the companies' stock at the same time" as they were

3    promoting the stock inadequate to disclose present intent to sell).  This disclaimer

4    certainly did not put investors on notice that Defendants planned to sell or buy (or

5    were already selling or buying) the entirety of their substantial holdings in the target

6    company at prices far out of line with the target prices they recommended in the

7    Citron Research Publications, which allowed them to use the publications as

8    profitable catalysts.  *See In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 515 (9th

9    Cir. 1991) ("To warn that the untoward may occur when the event is contingent is

10   prudent; to caution that it is only possible for the unfavorable events to happen when

11   they have already occurred is deceit."); *SEC v. Blavin*, 557 F.Supp. 1304, 1312 (E.D.

12   Mich. 1983) aff'd 760 F.2d 706 (6th Cir. 1985) ("The disclaimer stating that

13   defendant may have a long or short position in the stock is misleading and also

14   indicative of intent to defraud in the context in the instant case.  Indeed, [defendant]

15   did have a long or short position in the stock he was recommending."); *SEC v. Gane*,

16   No. 03-61553-CIV-SEITZ, 2005 WL 90154, at *14 (S.D. Fla. Jan. 4, 2005)

17   (defendants made material omissions of fact by failing to disclose that they were

18   selling stock that they were recommending; stating that they "may" buy or sell the

19   stock failed to provide adequate disclosure).

20         In short, both Exhibits A and B are nothing more than boilerplate disclaimers

21   and do not support Defendants' interpretation that these documents disclaimed any

22   duty to Citron Research readers, that Defendants' false and misleading statements were

23   not material, or that Defendants did not act with scienter.  In any event, because the

24   SEC reasonably disputes what the contents of these exhibits establish, the Court may

25   not take judicial notice of them.  *See Khoja*, 899 F.3d at 1001 (declining to take judicial

26   notice because "there is a reasonable dispute as to what the report establishes").

27         Moreover, neither of the purported disclaimers are relevant to the sufficiency

28   of the allegations in the Complaint, as whether or not the SEC has pled enough facts

8

within the four corners of its Complaint to support its claims does not in any way hinge on the purported existence of these disclaimers.  *See Laatz*, 682 F. Supp. 3d at 804; *Gerritsen v. Warner Bros. Ent. Inc*., 112 F. Supp. 3d 1011, 1023 (C.D. Cal. 2015) (denying defendant's request for judicial notice as being irrelevant on a motion to dismiss because "defendants confuse [the plaintiff]'s obligation to plead plausible claims with her ability to prove those claims").  Thus, the Court may not take judicial notice of either of these exhibits.  And even if it could take judicial notice—which it cannot—at most the Court may take notice of the fact that a purported subpage of the Citron Research website had some form of a disclaimer during the Relevant Period and that one of the Citron Research reports included some form of a disclaimer.  *See Cal. Sportfishing Protection All.,* 268 F. Supp. 3d at 1038 (limiting the judicially noticed fact to the existence of the document, not the truth of the matters asserted in the document).

## 2.    These Exhibits Were Not Incorporated by Reference into the Complaint

More importantly, there is no basis for Defendants' argument that the Court should view either of these exhibits as incorporated by reference into the Complaint.

Exhibit A is not mentioned anywhere in the SEC's Complaint.  The purported disclaimer also does not appear in <u>any</u> of the Citron Research Publications.  *See Marty v. Anheuser-Busch Companies, LLC,* 43 F. Supp. 3d 1333, 1340 (S.D. Fla. 2014) (denying motion to dismiss where the purported disclaimer was not visible to customers).  There are thus no grounds for an argument that the exhibit was "extensively referenced" by the Complaint.

The purported disclaimer in Exhibit B did not appear in almost any of the Citron Research Publications.  This purported disclaimer did not appear in <u>any</u> of the Citron Research Publications that were tweets, which comprise the vast majority of the publications at issue.  Even according to Defendants, this purported disclaimer

1  was included in only 1 of the 26 Citron Research Publications.[1]  Exhibit B was also

2  not "extensively referenced" in the Complaint's allegations, as the language of this

3  report is only referenced sporadically across the complaint.  Defendants also do not—

4  because they cannot—argue that any of the SEC's claims "arise from" the language

5  in either Exhibits A or B, as the SEC does did not reference these purported

6  disclaimers in its Complaint.  *See Khoja*, 899 F.3d at 1006.

7        The authority that Defendants cite in support of their argument that the Court

8  may consider the content of these disclaimers is not applicable.  The complaints in

9  Defendants' cited cases—*Navy*, *Zaimi*, *Cannarella*, and *Burton*—either took issue

10 with the language appearing in the proffered exhibits or the representations in the

11 proffered exhibits formed the basis of the plaintiffs' claims.  In cases such as this one,

12 where the purported disclaimers were neither referenced in the complaint nor do they

13 form the basis for any of the claims in the complaint, and Defendants seek to admit

14 the purported disclaimers simply to assert an affirmative factual defense on the

15 merits, courts have refused to consider such evidence at the pleading stage.  *See, e.g.,*

16 *BMG Rts. Mgmt. (US) LLC v. Joyy Inc.*, 644 F. Supp. 3d 602, 606 (C.D. Cal. 2022)

17 (incorporation by reference doctrine did not apply to allow district court at the motion

18 to dismiss stage to take judicial notice of social media platform's intellectual property

19 policy where complaint did not mention the policy or its terms, did not challenge the

20 contents of policy, and the policy was not central to the complaint).

21        In fact, courts have specifically held that the sufficiency of a disclaimer is not an

22 issue that is appropriate on a motion to dismiss.  *Dorfman v. Nutramax Lab'ys, Inc.*,

23

24 [1] While the sufficiency of a disclaimer is not relevant to whether the SEC has pleaded
   sufficient facts to support its claims, the SEC notes for the Court that the purported
25 disclaimer in Exhibit B was only potentially included on Citron Research reports (but
   not tweets) published after January 2019, which comprise at most 2 of the 26 Citron
26 Research Publications.  For these two publications, the SEC has alleged separate
   affirmative false and misleading statements, which provide an independent basis for
27 liability under Section 10(b) and Rule 10b-5(b) of the Exchange Act and Section
   17(a)(2) of the Securities Act.  Compl. ¶¶ 185, 191-193, and Defendants make no
28 argument that these separate misstatements were in any way disclaimed, even by their
   interpretation of the purported disclaimer.

1   No. 13CV0873 WQH RBB, 2013 WL 5353043, at *11 (S.D. Cal. Sept. 23, 2013)

2   ("While there are disclaimers and qualifying language, determining whether a

3   reasonable consumer would be deceived is inappropriate at [the motion to dismiss]

4   stage of the litigation.") (citing *Williams v. Gerber Prods. Co*., 552 F.3d 934, 938 (9th

5   Cir. 2008)).  Nor does the presence of a disclaimer have any bearing on the Court's

6   decision on a motion to dismiss.  *See Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,

7   552 F. Supp. 3d 901, 921-22 (N.D. Cal. 2021) ("The Court holds that the presence of a

8   disclaimer . . . does not require dismissal . . . at this stage of the proceedings and denies

9   [defendant's] motion to dismiss") (internal quotations omitted).

### 3.    Defendants Inappropriately Request that the Court Weigh Competing Factual Narratives on a Motion to Dismiss

12         Even if Exhibits A and B were proper subjects of judicial notice or were

13  incorporated by reference into the Complaint, Defendants rely on these documents for

14  the truth of the matters asserted therein and to introduce alternative factual narratives.

15  The Court thus cannot consider the documents as Defendants have presented them

16  because at the pleading stage the Court is "required to presume all factual allegations of

17  the complaint to be true and draw all reasonable inferences in favor of the non-moving

18  party." *U.S. v. LSL Biotechnologies*, 379 F.3d 672, 698 (9th Cir. 2004) (citation

19  omitted).  "Indeed, factual challenges to a plaintiff's complaint have no bearing on the

20  legal sufficiency of the allegations under Rule 12(b)(6)." *Lee*, 250 F.3d at 688.

21         Defendants' request that the Court draw inferences in their favor and support

22  Defendants' narrative that they had no intent to deceive the market cannot be

23  countenanced.  *See In re Immune Response Sec. Litig*., 375 F.Supp.2d at 995

24  (declining to consider numerous exhibits in securities action where the complaint did

25  not mention or rely on them, but the defendants instead "offer[ed] the documents as

26  evidence that Defendants did not commit a securities violation").  For the Court to

27  consider these purported facts at this stage would require it to weigh the evidence,

28  rather than test the sufficiency of the SEC's allegations.  *See Goldman v. Belden,* 754

F.2d 1059, 1067 (2d Cir. 1985) ("The court's function on a Rule 12(b)(6) motion is
not to weigh the evidence that might be presented at a trial but merely to determine
whether the complaint itself is legally sufficient.") (citation omitted); *DiFolco v.
MSNBC Cable L.L.C.,* 622 F.3d 104, 113 (2d Cir. 2010) (reversing where the district
court "'assay[ed] the weight of the evidence' of repudiation and improperly chose
between reasonably competing interpretations," including by considering a document
not integral to the complaint) (citation omitted).

At most, these exhibits preview the defense that Defendants may offer at a later
point in the litigation, which is not appropriate for consideration on the merits at this
stage. *See Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) ("Ordinarily
affirmative defenses may not be raised by motion to dismiss, . . . [unless] the defense
raises no disputed issues of fact."); *Lopez v. U.S.*, No. CV-21-00255-TUC-DCB,
2023 WL 3008073, at *1 (D. Ariz. Apr. 19, 2023) ("A motion to dismiss tests the
sufficiency of a complaint; a motion to dismiss does not resolve contested facts, the
merits of a claim, or the applicability of defenses."); *Wright v. Waste Pro USA, Inc*.,
No. 2:17-CV-02654-DCN, 2019 WL 5896516, at *7 (D.S.C. Nov. 12, 2019) (finding
that sufficiency of defenses is inappropriate for the motion to dismiss stage).

The content and sufficiency of the purported disclaimers in the proffered
documents are not appropriate for consideration at this time, and therefore Exhibits A
and B have no import during the pleading stage of the case and should be stricken.

### B.    The Court Should Strike Exhibits C, G, and J (Purported SEC Settled Orders and Third-Party Petition)

As with Exhibits A and B, Defendants ask the Court to consider Exhibits C, G,
and J to establish the truth of facts stated therein.  Exhibits C and G are purported
cease-and-desist orders that the SEC issued in 2022 and 2023 against two companies
—CRON and XL Fleet—which were the subjects of two Citron Research
publications that Defendants issued in 2018 and 2020.  Defendants argue that the
content of these documents "foreclose[] the inference of falsity or scienter" and

1   "defeat[] any inference of material falsity."  Mot. at 14, 16.

2          Defendants also proffer Exhibit J, which is a purported third-party petition to

3   the SEC for rulemaking.  Defendants argue that the content of this document

4   demonstrates that "[t]he SEC [is] now engag[ing] in rulemaking through an

5   enforcement action [and] violating due process."  Mot. at 25.

6          1.      **Exhibits C and G**

7                  a.      **The Court May Not Take Judicial Notice of These**
                           **Exhibits**
8

9          Defendants offer no argument as to why Exhibits C and G are relevant to the

10  issue of whether the Complaint pleads sufficient facts to support its claims, which is

11  the sole inquiry for the Court at this time.  Instead, Defendants suggest that the

12  purported cease-and-desist orders brought by the SEC against CRON and XL Fleet

13  were somehow connected to the information in Defendants' Citron Research

14  publications on these companies.  Mot. at 13, 16.  However, the fraud alleged by the

15  SEC lies not in the information that Defendants published about the companies

16  themselves, but in Defendants misrepresenting their intended trading patterns around

17  their publications.  *See* Dkt. No. 21 at 11.  The cease-and-desist orders in Exhibits C

18  and G are therefore not relevant to any of the claims in the Complaint.

19         Moreover, Defendants' interpretation of the contents of these exhibits does not

20  make sense.  A simple reading of Exhibit C, the purported 2022 cease-and-desist action

21  against CRON, demonstrates that the action was based on alleged misconduct by the

22  company that occurred in 2019, which occurred <u>after</u> the 2018 Citron Research

23  publication on CRON.  *See* Dkt. No. 19-6 at 1.  And while Defendants' 2020 long

24  tweet on XL predicted <u>positive</u> future news, the 2023 cease-and-desist action against

25  the company was <u>negative</u> news.  *See* Dkt. No. 19-10 at 1.  In other words, the

26  information in these two Citron Research Publications had no connection to the cease-

27  and-desist actions, and therefore the inferences that Defendants request the Court to

28  draw from these actions are unsupported.  Thus, these exhibits do not foreclose an

inference—which the Court must draw in the SEC's favor—that Defendants' statements were false. *See SEC v. Gallagher,* No. 21-CV-8739 (PKC), 2023 WL 6276688, at *13 (S.D.N.Y. Sept. 26, 2023) ("The alleged fraud by ALPP executives may not be considered by the Court on this motion, as it is outside the four corners of the Second Amended Complaint and not contained within any document incorporated in or integral to the complaint or of which judicial notice may be taken.  Any alleged fraud by ALPP executives also would not necessarily foreclose the possibility that [defendant]'s alleged scheme also impacted the share price and caused him to profit."); *Khoja*, 899 F.3d at 1007 (declining to consider exhibits on a motion to dismiss because "[n]othing in the Complaint connects this information with this press release").  In any event, because the SEC reasonably disputes the interpretations offered by Defendants regarding what the content of these documents represent, the Court may not take judicial notice of these matters.

The cases that Defendants rely on do not support their argument, as it was the plaintiffs in these cases, not the defendants, who offered the materials on the government websites.  *See, e.g., Waterman v. Wells Fargo & Co.*, No. 17-cv-7190-MWF-JEMx, 2018 WL 287171, at *3 (C.D. Cal. Jan. 4, 2018)*; Mora v. Block, Inc.*, No. 24-cv-00739-EX, 2024 WL 1311289, at *2 (C.D. Cal. Mar. 27, 2024); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); *Benhabib v. Hughes Elecs. Corp.*, No. 04-cv-0095-CAS-VBKx, 2007 WL 4144940, at *3 (C.D. Cal. Mar. 30, 2007).  For example, the court in *Waterman* found that the records the plaintiff himself had submitted were relevant to his own claims, and therefore took judicial notice of the content of those records.  At most, Exhibits C and G reveal Defendants' anticipated defenses, which are not to be weighed by the Court at this stage, *see Kuhlmann,* 746 F.2d at 1378, and nothing in Defendants' cases stand for the proposition that a court may take judicial notice of a document that a defendant may seek to use to support its defenses at a later point in the litigation.

Even if this Court did take judicial notice of these exhibits, at most it could

14

take judicial notice of the fact that at some point outside of the Relevant Period of the Complaint cease-and-desist orders were filed against 2 of the 23 companies that were the subject of the Citron Research Publications in this action. However, the Court may not take notice of any of the contents of these orders.

### b. The Exhibits Were Not Incorporated by Reference Into the Complaint

Exhibits C and G are not mentioned in the SEC's complaint, and in any event, both exhibits are far outside of the relevant period alleged. Accordingly, the documents were not "extensively referenced" in the SEC's allegations. Nor do the SEC's claims arise from any information proffered in these exhibits, as the deceptive acts and false and misleading statements alleged by the SEC do not originate from Defendants making false or misleading statements to the market about the target companies, but rather from Defendants not disclosing their intended trading activity around their publications.

### 2. Exhibit J

### a. The Court May Not Take Judicial Notice of This Exhibit

The contents of Exhibit J, like the other exhibits submitted by Defendants, have no relevance to any of the claims in the SEC's Complaint. Defendants only appear to rely on Exhibit J to make policy-based arguments regarding the SEC's rulemaking activities.

While the purpose of Defendants proffering this exhibit is not entirely clear, to the extent Defendants suggest that the contents of the exhibit support a finding that they did not have notice their conduct was illegal, the SEC disputes such an interpretation. In fact, page 5 of the proffered exhibit makes clear that Defendants' alleged misconduct here has been recognized in the Ninth Circuit as a manipulative practice that violates the securities laws. Dkt. No. 19-13 at 5-6 (recognizing that courts have held that defendants "engaged in scalping activity wherein he purchased issuer stock just prior to publishing an article about the issuer, then sold the stock at a

profit soon after his article was published, which was contrary to the advice he gave in his articles advocating holding for the long-term") (citing *Zweig v. Hearst Corp.*, 94 F.2d 1261 (9th Cir. 1979) and *SEC v. Lidingo Holdings, LLC*, No. C17-1600 RSM, 2018 WL 2183999 (W.D. Wash. May 11, 2018)).  Even if this Court could take judicial notice of this exhibit, at most it could take notice of the fact that a third party submitted a rulemaking proposal to the SEC in February 2020.

### b.    The Exhibit Was Not Incorporated by Reference Into the Complaint

Neither Exhibit J nor its contents were "extensively referenced" or even mentioned in the SEC's allegations.  The SEC's claims also do not arise from any representation made in this exhibit.

### 3.    Defendants Inappropriately Request that the Court Weigh Competing Factual Narratives

Defendants offer Exhibits C, G, and J for the sole purpose of introducing competing inferences to rebut the inferences in the Complaint regarding scienter.  But as discussed above, at the pleadings stage, the Court is "required to presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." *LSL Biotechnologies*, 379 F.3d at 698 (citation omitted).  "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee*, 250 F.3d at 688; *Khoja,* 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").

Accordingly, Exhibits C, G, and J should be stricken.

### C.    The Court Should Strike Exhibits D, F, H, and I (Historical Stock Prices of Four Target Companies)

As with the other proffered exhibits, Defendants ask the Court to consider the contents of four spreadsheets, which they assert represent the historical stock prices

1   of four companies that were the subject of Defendants' publications.  Req. at 7.  In

2   their Motion, Defendants argue that these spreadsheets "foreclose the inference of

3   falsity or scienter" (Mot. at 14) because at some arbitrary point in time in the future—

4   in some cases outside of the Relevant Period—the stock price of these companies

5   traded at or close to their price predictions.  In other words, Defendants suggest that

6   because their "target price opinion proved true" at some point for 4 of the 21

7   companies where they published a target price, they did not act with scienter or make

8   false statements.  Mot. at 21.

9                    **1.    The Court May Not Take Judicial Notice of These Exhibits**

10          As an initial matter, these spreadsheets appear to be manually generated,

11   unidentifiable data sets that do not meet the authenticity requirements of Fed. R.

12   Evid. 901 or 902.  Nor do these documents have a label or bear any type of legend.

13   These spreadsheets also do not appear to be documents that were created during the

14   Relevant Period.  Therefore, the SEC contests the authenticity of the proffered

15   documents.  *See Lee*, 250 F.3d at 689 (for a court to take judicial notice of a matter,

16   its authenticity must be uncontested).

17          But even assuming the contents of these exhibits do accurately represent the

18   historical stock prices of four companies that were the subject of Defendants'

19   publications, Defendants' request that the Court take judicial notice of their contents

20   is inappropriate.  Defendants cite three cases—*ScripsAmerica, Inc.*, *Corinthian*

21   *Colleges*, and *In re Homestore.com*—in arguing that courts routinely take judicial of

22   stock prices of companies.  Req. at 7.  However, Defendants misread the authority

23   that they cite.  In these cases, which were not civil enforcement cases but rather

24   private suits pursuant to Section 10(b) of the Exchange Act, the changes in the stock

25   price of the underlying security were necessary to pleading the plaintiff's claims –

26   specifically, the elements of reliance and economic loss.  *See, e.g., ScripsAmerica,*

27   *Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1235 (C.D. Cal. 2015).  In fact, in

28   these cases the plaintiffs themselves cited or referred to the specific changes in the

17

stock price of the subject companies and included exhibits evidencing the changes in stock prices as part of their complaints. *See, e.g.,* Compl. Ex. 4, *ScripsAmerica, Inc.*, 119 F. Supp. 3d at 1228.

Here, the stock prices of the 23 target securities are not relevant to pleading any element of the SEC's claims. Nor did the SEC cite to specific changes in the stock prices of the underlying target companies' securities or append stock price data to its Complaint, as reliance and economic loss are not elements of the SEC's claims. *See SEC v. Currency Trading Int'l, Inc.*, No. CV 02-5143PA, 2004 WL 2753128, at *7 (C.D. Cal. Feb. 2, 2004) ("Neither injury nor actual or justifiable reliance are elements of an SEC claim"); *SEC v. AirTrac*, No. CV 06-6582-JVS (RNBx), 2008 WL 11334597, at *5 (C.D. Cal. Jan. 2, 2008) ("[I]n an enforcement action brought by the SEC seeking injunctive relief or disgorgement of profits, the SEC is not required to prove reliance or injury.") Defendants cite no authority that supports this Court taking judicial notice of a document that is irrelevant to the SEC's claims. *See Ecological Rts. Found.*, 2024 WL 3186566, at *4.

In any event, whether the target prices that Defendants published later proved to be true at some distant point in time for 4 of the 21 publications identified in the Complaint has no bearing on Defendants' scienter or whether they believed in their statements at the time of publication. What is relevant is whether the SEC has properly alleged facts in its Complaint which, if assumed true, support the inferences regarding scienter and falsity that the SEC requests this Court to draw. And what is relevant to establishing these inferences is exactly what the SEC alleged in its Complaint – the prices at which Defendants entered and exited their positions at the time of publication, Defendants' contemporaneous communications with others regarding the target prices they published, and Defendants substantially and arbitrarily revising the target prices in the days immediately leading up to the publication. Compl. ¶¶ 199-206.

18

### 2. The Exhibits Were Not Incorporated by Reference Into the Complaint

The Complaint also does not reference the stock price changes that are purportedly referenced in Exhibits D, F, H, and I.[2]  Accordingly, these exhibits were not "extensively referenced" in the SEC's allegations.  Nor do the SEC's claims arise from any information proffered in these exhibits.  Therefore, these exhibits were not incorporated by reference into the Complaint.

### 3. Defendants Inappropriately Request that the Court Weigh Competing Factual Narratives

Defendants admit that they offer the contents of Exhibits D, F, H, and I for the sole purpose of requesting that the Court adopt competing inferences on the elements of falsity and scienter (Mot. at 14), which is inappropriate at this stage as the Court is required to presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the SEC.

Even if the Court could consider this trading data, the SEC would then be required to offer an expert to examine the data in these exhibits submitted by Defendants and offer his or her own set of trading data.  This would invariably require the expert to also issue opinions on issues such as external market forces and materiality.  Such opinions would not be appropriate at this stage in the case.  *See Rogers v. King Cnty.*, No. 223CV01034DGEGJL, 2024 WL 810636, at *1 (W.D. Wash. Feb. 27, 2024) (finding the appointment of an expert to be premature at the motion to dismiss stage of the litigation).

Accordingly, Exhibits D, F, H, and I should be stricken.

---

[2] While the Complaint alleges that "[f]ollowing the Citron Research Publications, the prices of the target stocks moved, on average, more than 12% (measured from the end-of-the-day closing price on the day before the report or tweet to end-of-day closing price on day of the report or tweet)," Compl. ¶ 86, this allegation only covers the contemporaneous two-day period when Defendants entered and exited their positions around the publication.

**D.    The Court Should Strike Exhibit E (BYND Article)**

Finally, Defendants request that the Court consider the contents of Exhibit E to establish the truth of facts stated therein.  *See* Req. at 8.  Defendants offer no valid reason as to why they offer this document, a purported May 2019 CNBC article, as it only offers further evidentiary support for the SEC's factual allegations.

The SEC's Complaint alleges that in May 2019, Left responded to an email from CNBC regarding BYND and responded that he had "*shorted some today*." Compl. ¶ 122.  The SEC alleges that this was a false statement because Left had in fact exited the majority of his short exposure.  *Id.* ¶ 123.  The Complaint also alleges that, after receiving Left's email, CNBC then published an article titled "*Short seller says Beyond Meat hype is 'beyond stupid,' places bet against the shares*." *Id.* ¶ 124.

In their Motion, Defendants erroneously argue that the SEC does not allege that CNBC published Left's false statement.  *See* Mot. at 14-15.  As noted above, however, the SEC specifically alleged that CNBC published that Left had placed a bet against the shares (*i.e.*, taken a short position).  Compl. ¶ 124.  Defendants also request that the Court take judicial notice of the contents of Exhibit E, which is the CNBC article itself. But a review of the contents of this document demonstrates that Exhibit E only serves to further corroborate the SEC's allegation that CNBC published Left's false statement, as the article itself notes that "*Left . . . confirmed in an email to CNBC that he took a short position in Beyond Meat Friday*."  Dkt. No. 19-8.

This document proves exactly what the SEC alleges – that Left made a false statement to CNBC, and CNBC published that statement.  To the extent Defendants offer a competing interpretation in their reply, it only demonstrates that there is "a reasonable dispute as to what the [exhibit] establishes."  *Khoja*, 899 F.3d at 1000.

**IV.    CONCLUSION**

For the foregoing reasons, the SEC respectfully requests that the Court strike the exhibits appended to Defendants' Request for Judicial Notice, as well as the arguments in Defendants' Motion that rely on those exhibits.

1

2

Dated:  October 30, 2024

3

4                                                    /s/ Stephen T. Kam
                                                    STEPHEN T. KAM
5                                                    Attorney for Plaintiff
                                                    Securities and Exchange Commission
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 30, 2024, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND MOTION TO STRIKE** on all the parties to this action addressed as stated on the attached service list:

☐     **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐     **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐     **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐     **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐     **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐     **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒     **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐     **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  October 30, 2024                 _/s/ Stephen T. Kam_
                                         Stephen T. Kam

22

1

2

**SEC v. ANDREW LEFT, et al.**
**United States District Court—Central District of California**
**Case No. 2:24-cv-06311-SPG-RAO**

3

### <u>SERVICE LIST</u>

4

5

6

7

8

9

10

James W. Spertus
Lindsey Hay
Mario Hoang Nguyen
Spertus, Landes, & Umhofer LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
T: (310) 826-4700, F: (310) 826-4711
Email: jim@spertuslaw.com
**Attorneys for Defendants Andrew Left and Citron Capital, LLC**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28