**SPERTUS, LANDES & JOSEPHS, LLP**
JAMES W. SPERTUS (Cal Bar No. 159825)
jspertus@spertuslaw.com
LINDSEY HAY (Cal Bar No. 311463)
lhay@spertuslaw.com
MARIO HOANG NGUYEN (Cal Bar No. 355543)
mnguyen@spertuslaw.com
1990 South Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

              Plaintiff,

    v.

ANDREW LEFT, AND CITRON CAPITAL, LLC,

              Defendants.

Case No. 2:24-cv-06311-SPG-JC

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Date:      November 20, 2024
Time:     1:30 p.m.
Ctrm:    5C
Judge:   Hon. Sherilyn Peace Garnett

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

*DEFENDANTS' REPLY BRIEF*

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................... II

TABLE OF AUTHORITIES ............................................................................ III

I.      Introduction ........................................................................................... 1

II.     Judicial Notice ...................................................................................... 2

III.    The SEC Fails to Allege a Cognizable Theory of Fraud ................... 3

IV.     The SEC Fails to Plead Fraud With Particularity ............................ 5

V.      The SEC Fails to Allege Actionable Misrepresentations or Omissions .......... 8

        A.      Mr. Left Did Not Make Recommendations ........................... 9

        B.      Mr. Left's Statements About Trading Positions
                Are Not Actionable ............................................................. 11

        C.      The SEC Fails To Meet The Standard For Alleging
                False Opinions ...................................................................... 11

VI.     The SEC Fails to Adequately Plead Materiality ............................. 13

VII.    The SEC Fails to State A Claim Regarding Namaste .................... 14

VIII.   The First Amendment Bars The SEC's Fraud Theory................... 15

IX.     The SEC's Theory of Fraud Violates Due Process......................... 15

X.      Conclusion........................................................................................ 15

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

ii

*DEFENDANTS' REPLY BRIEF*

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................... 4

*In re Bank of Am. Corp.*,
  No. 9-md-2014, 2011 WL 740902 (N.D. Cal. Feb. 24, 2011) ............................ 3

*Baron v. Hyrecar Inc.*,
  No. 2:21-cv-6918, 2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) ..................... 12

*U.S. ex rel. Bilotta v. Novartis Pharms. Corp.*,
  50 F. Supp. 3d 497 (S.D.N.Y. 2014) ................................................... 7

*Dearborn Heights Act 345 Police & Fire Ret. Sys. v.*
  *Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017) ................................... 2

*Fecht v. Price Co.*,
  70 F.3d 1078 (9th Cir. 1995) .......................................................... 6

*Finn v. Barney*,
  471 F. App'x 30 (2d Cir. 2012) ......................................................... 2

*GFL Advantage Fund, Ltd. v. Colkitt*,
  272 F.3d 189 (3d Cir. 2001) ........................................................ 5, 12

*U.S. ex rel. Grubbs v. Kanneganti*
  (565 F.3d 180 (5th Cir. 2009) ........................................................ 6, 7

*Lemmon v. Snap, Inc.*,
  No. 19-cv-4504, 2019 WL 7882079 (C.D. Cal. Oct. 30, 2019) ......................... 4

*In re Merrill Lynch Auction Rate Sec. Litig.*,
  704 F. Supp. 2d 378 (S.D.N.Y. 2010) ................................................. 3

*Miller v. PCM, Inc.*,
  No. 17-cv-3364, 2018 WL 5099722 (C.D. Cal. Jan. 3, 2018) .......................... 2

*Omnicare, Inc. v. Laborers Dist. Council*,
  575 U.S. 175 (2015) .......................................................... 8, 11, 13

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

iii

*DEFENDANTS' REPLY BRIEF*

*Perez v. JPMorgan Chase Bank, N.A.*,
  No. 20-cv-1692, 2020 WL 2515950 (C.D. Cal. May 8, 2020) ........................... 5

*Retail Wholesale & Dep't Store v. Hewlett-Packard Co.*,
  845 F.3d 1268 (9th Cir. 2017) ................................................................. 8

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
  119 F. Supp. 3d 1213 (C.D. Cal. 2015) ........................................................ 8

*SEC v. Abellan*,
  674 F. Supp. 2d 1213 (W.D. Wash. 2009) .................................................... 11

*SEC v. Beck*,
  No. 2:22-cv-812, 2024 WL 1626280 (C.D. Cal. Mar. 26, 2024) ................ 10, 13

*SEC v. Berry*,
  580 F. Supp. 2d 911 (N.D. Cal. 2008) ......................................................... 7

*SEC v. Corp. Rels. Grp.*,
  No. 6:99-cv-1222, 2003 WL 25570113 (M.D. Fla. Mar. 28, 2003) ................. 14

*SEC v. Fassari*,
  No. 21-cv-403, 2021 WL 2290576 (C.D. Cal. May 5, 2021) ..................... 12, 13

*SEC v. Fraser*,
  No. 9-cv-443, 2009 WL 2450508 (D. Ariz. Aug. 11, 2009) ............................ 7

*SEC v. Gallagher*,
  No. 21-cv-8739, 2023 WL 6276688 (S.D.N.Y. Sept. 26, 2023) ................ 10, 13

*SEC v. Hui Feng*,
  No. 15-cv-9420, 2016 WL 7443222 (C.D. Cal. Aug. 4, 2016) ......................... 2

*SEC v. Husain*,
  No. 2:16-cv-3250, 2016 WL 11269462 (C.D. Cal. Oct. 24, 2016) ................ 4, 7

*SEC v. Huttoe*,
  No. 96-cv-2543, 1998 WL 34078092 (D.D.C. Sept. 14, 1998) ................. 13, 14

*SEC v. Lion Gate Cap., Inc.*,
  No. 8-cv-6574-DSF-MANx, 2009 WL 10700308
  (C.D. Cal. Feb. 10, 2009) ......................................................................... 4

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

iv

*DEFENDANTS' REPLY BRIEF*

*SEC v. Mapp*,
   No. 4:16-cv-246, 2016 WL 5870576 (E.D. Tex. Oct. 7, 2016) ........................ 13

*SEC v. Mozilo*,
   No. 9-cv-3994, 2009 WL 3807124 (C.D. Cal. Nov. 3, 2009) ............................ 2

*SEC v. Patel*,
   No. 7-cv-39, 2008 WL 782483 (D.N.H. Mar. 24, 2008) .................................... 9

*SEC v. Patel*,
   No. 7-cv-39, 2009 WL 2015794 (D.N.H. July 7, 2009) .................................... 7

*SEC v. Sripetch*,
   No. 20-cv-1864, 2020 WL 6396927 (S.D. Cal. Nov. 2, 2020) ......................... 13

*SEC v. Tambone*,
   417 F. Supp. 2d 127 (D. Mass. 2006) .............................................................. 8

*SEC v. Thompson*,
   238 F. Supp. 3d 575 (S.D.N.Y. 2017) ............................................................ 12

*In re Stac Elecs. Sec. Litig.*,
   89 F.3d 1399 (9th Cir. 1996) .......................................................................... 6

*U.S. ex rel. Swoben v. United Healthcare Ins.*,
   848 F.3d 1161 (9th Cir. 2016) ........................................................................ 6

**Other Authorities**

U.S. Const. amend. I .............................................................................. 14, 15

Black's Law Dictionary (12th ed. 2024) ................................................... 10

Federal Rule of Civil Procedure 9 ................................................... *passim*

Federal Rule of Civil Procedure 12 ................................................. *passim*

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

*DEFENDANTS' REPLY BRIEF*

## I.  **Introduction**

To survive a motion to dismiss, the SEC must allege a cognizable theory of fraud with the specificity Rule 9(b) requires. The SEC has done neither here. The SEC argues that Mr. Left's Motion "distorts or ignores large portions of the Complaint, and incorrectly describes the law," and assumes the Court will deny Mr. Left's Request for Judicial Notice ("RJN") and draw unreasonable factual inferences in its favor. (Opp., ECF No. 21 at 1:25-2:1.) The SEC then clarifies its alleged theory of fraud for the first time—"contra-recommendation trading" is per se illegal. Specifically, the SEC claims "[t]he fraud alleged here lies not in making false statements to the market about a subject company's securities, but in Defendants' *failure to disclose* their trading activity in the securities they were recommending." (*Id.* at 11:3–5 (emphasis added).)

There are no allegations that Mr. Left ever knowingly published false information, and the SEC's fraud and scheme theories distill down to the unsupported claim that failure to disclose private trading strategies when publishing opinions about securities is per se illegal. There is no authority for such a black and white rule. All cases cited by the SEC to support that argument involved pump and dump schemes to profit from the price movements of penny stocks and involved clearly fraudulent conduct—such as the publication of false information or matched trading—evidencing a deceptive intent not present here. No scalping case has upheld a fraud theory based on "contra-recommendation trading" alone, and the securities referenced in the Complaint are mostly mid- or large-capital stocks trading millions of shares daily in highly liquid markets. Further, the allegations in the Complaint cannot support a "contra-recommendation" fraud theory even if there were such a theory because Mr. Left did not make "recommendations," but rather expressed performance opinions. The Complaint is deficient and cannot survive dismissal under Rules 9(b) and 12(b)(6).

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

*DEFENDANTS' REPLY BRIEF*

## II.    <u>Judicial Notice</u>

The SEC opposes Mr. Left's RJN, despite ample case law establishing that the requested judicial notice is routine.[1] (*See, e.g.*, *SEC v. Mozilo*, No. 9-cv-3994, 2009 WL 3807124, at *7 (C.D. Cal. Nov. 3, 2009) (overruling SEC's objections and granting defendants' RJN of "58 exhibits," including "SEC filings," "newspaper articles, emails referenced in the Complaint, stock price data," and other documents).) As briefed in Mr. Left's RJN Reply, the disclosures are judicially noticeable under the incorporation-by-reference doctrine, which exists to prevent the SEC's deceptive pleading here. (*See Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) ("[B]ecause plaintiffs' own complaint quotes certain disclosures from the Smith Barney website, they cannot seriously argue that the website disclosures are 'outside of the pleadings,' do not 'form the basis of Plaintiffs' claims,' or that 'Plaintiffs neither incorporated nor relied upon the website in stating their claim.'"); *Miller v. PCM, Inc.*, No. 17-cv-3364, 2018 WL 5099722, at *1 n.2, 3, 9 (C.D. Cal. Jan. 3, 2018) (granting judicial notice of disclaimer in a short seller's article as incorporated by reference).)

As fully addressed in the RJN Reply, the SEC's arguments opposing judicial notice are meritless. The SEC argues "the disclaimers are not relevant to the sufficiency of the allegations in the Complaint" (Opp. at 9 n.4), but when evaluating motions to dismiss in securities cases, both the Ninth Circuit and Supreme Court hold the opposite: "'whether an omission makes an expression of opinion misleading always depends on the context,' which includes 'all its surrounding text, including hedges, **disclaimers**, and apparently conflicting information.'" (*Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech.,*

---

[1] Despite the SEC's attempt to elicit shock, the Court can see that Mr. Left really seeks judicial notice of only 14 pages but included the complete documents. (*See SEC v. Hui Feng*, No. 15-cv-9420, 2016 WL 7443222, at *2 (C.D. Cal. Aug. 4, 2016) (granting in part the SEC's RJN of 556 pages, including documents referenced in the complaint, agency memoranda and order, and news articles).)

2

*DEFENDANTS' REPLY BRIEF*

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

*Inc.*, 856 F.3d 605, 615 (9th Cir. 2017) (emphasis added) (quoting *Omnicare, Inc. v. Laborers Dist. Council*, 575 U.S. 175, 190 (2015)).) There is no legitimate basis for the SEC to resist judicial notice of the very disclosures it alleges Mr. Left failed to make.

The SEC's argument that "the sufficiency of a disclaimer is not an issue appropriate on a motion to dismiss" relies exclusively on inapplicable *products liability* cases interpreting *state laws*—California's Consumers Legal Remedies Act and Unfair Competition Law. (Opp. at 9 n.4.) In the securities law context, disclosures are appropriate to consider in a motion to dismiss. In *Wilson v. Merrill Lynch & Co.*, the Second Circuit affirmed dismissal when a defendant's "disclosures of its support bidding practices sufficed to preclude [the plaintiff]'s claim that these practices were manipulative." (671 F.3d 120, 132, 136–37 (2d Cir. 2011) (inviting a brief from the SEC, but holding the court "cannot defer to the SEC's conclusion that [defendant]'s disclosures were inadequate.").[2]) Although the Ninth Circuit has not addressed this issue directly, at least one district court has followed suit. (*In re Bank of Am. Corp.*, No. 9-md-2014, 2011 WL 740902, at *6–8 (N.D. Cal. Feb. 24, 2011) (granting judicial notice of "disclosures regarding [securities] that [defendant] posted on its website" and granting motion to dismiss because "in light of [defendants'] disclosures, Lead Plaintiffs' allegations regarding [defendants'] conduct in 'every' auction are insufficient to state a market manipulation claim.").) Despite the SEC's claim to the contrary, the Court need not accept implausible allegations contradicted by the disclosures, especially when the SEC's fraud theory assumes Mr. Left failed to disclose what he in fact disclosed.

## III.   The SEC Fails to Allege a Cognizable Theory of Fraud

The SEC argues that "courts" have described the Rule 12(b)(6) standard of review as "exceedingly low," but the case cited is the only decision in the Ninth

---

[2] The Second Circuit relied on the district court's judicial notice of "the remedial disclosures subsequently placed on [defendant]'s website." (*In re Merrill Lynch Auction Rate Sec. Litig.*, 704 F. Supp. 2d 378, 385 n.4 (S.D.N.Y. 2010).)

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

Circuit ever to describe the standard that way, quoting *Quality Foods de Centro
Am. v. Latin Am. Agribusiness Dev. Corp.* (711 F.2d 989, 995 (11th Cir. 1983)), a
non-binding Eleventh Circuit decision that pre-dates and is inconsistent with
*Twombly* and *Iqbal*. (Opp. at 5.) Instead, "whether a complaint satisfies the
plausibility standard is a 'context-specific task that requires the reviewing court to
draw on its judicial experience and common sense.'" (*SEC v. Husain*, No. 2:16-cv-
3250, 2016 WL 11269462, at *2 (C.D. Cal. Oct. 24, 2016) (quoting *Ashcroft v.
Iqbal*, 556 U.S. 662, 679 (2009)).)

The SEC's argument that "the Court cannot draw competing inferences in the
context of a motion to dismiss" further misstates the standard of review. (Opp. at
18.) "The court need not [] accept as true allegations that contradict matters
properly subject to judicial notice or by exhibit. Nor is the court required to accept
as true allegations that are merely conclusory, unwarranted deductions of fact, or
unreasonable inferences." (*SEC v. Lion Gate Cap., Inc.*, No. 8-cv-6574-DSF-
MANx, 2009 WL 10700308, at *1 (C.D. Cal. Feb. 10, 2009) (quoting *Sprewell v.
Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).) "Where the facts as
pleaded in the Complaint indicate that there are two alternative explanations, only
one of which would result in liability, 'plaintiffs cannot offer allegations that are
merely consistent with their favored explanation but are also consistent with the
alternative explanation. Something more is needed, such as facts tending to exclude
the possibility that the alternative explanation is true, in order to render plaintiffs'
allegations plausible.'" (*Lemmon v. Snap, Inc.*, No. 19-cv-4504, 2019 WL 7882079,
at *3 (C.D. Cal. Oct. 30, 2019) (quoting *Eclectic Props. E., LLC v. Marcus &
Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)).)

Although mischaracterized by the SEC, Mr. Left argues in his Motion that
the Court need not draw the unreasonable—at times illogical—inferences forming
the foundation for the SEC's Complaint. For example, the SEC asks the Court to
infer that Mr. Left "lied to [his] readers" when opining a security would reach a

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

4

certain price but traded at a different price after publication. (Opp. at 19.) The inference is unreasonable because judicially noticeable stock price data establishes that Mr. Left's opinions were correct in most cases. "To infer that these 'premature' short sales were executed to manipulate prices, however, would be an unreasonable leap." (*GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 210 (3d Cir. 2001).) Similarly, the SEC asks the Court unreasonably to infer Mr. Left stated he had never been compensated "in connection with publishing" when, in fact, as the SEC admits, the statement was that he had never been compensated "to publish research." (Opp. at 18.)

## IV.    The SEC Fails to Plead Fraud With Particularity

The SEC argues it satisfies Rule 9(b) by citing the length of the Complaint, which "spans 58 pages and contains over 17,100 words," and arguing that Mr. Left did not "identify[] exactly how the SEC has failed" to allege with particularity. (Opp. at 6, 7 n.3.) Yet Mr. Left identified precisely how the Complaint fails to allege fraud with particularity—he is left to guess what the fraud allegations are. Until the SEC filed its Opposition, he did not know the fraud theory is based exclusively on "contra-recommendation trading" — a phrase that does not even appear in the Complaint. Clarification of a theory in an opposition brief does not satisfy the requirements of Rule 9(b). (*Perez v. JPMorgan Chase Bank, N.A.*, No. 20-cv-1692, 2020 WL 2515950, at *5 n.2 (C.D. Cal. May 8, 2020) ("Plaintiffs cannot amend their complaint in opposition to a motion to dismiss.").)

The SEC clarified in its Opposition that the first 17 pages of the Complaint allege the "contours of the scheme, including the genesis and operation of the 'Citron Research' website, Left's efforts to portray himself as a successful hedge fund manager, and selective public appearances on televised financial programs" (Opp. at 7–8), but those allegations have nothing to do with the newly defined theory of contra-recommendation trading. The fraud allegations appear to begin on page 18 of the Complaint, and Mr. Left unwound those allegation in his Motion by

5

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

explaining how none of them allege a material misrepresentations or omissions that Mr. Left had a duty to disclose. Only four of the 26 securities referenced in the Complaint are small-cap companies, and none of the published opinions were false.

The SEC argues "the Complaint details for all 26 of the Citron Research Publications the content of each alleged false and misleading statement, the date of the statement, the manner in which it was broadcast to the market, whether it was a long or short recommendation, the price target included, the price at which Defendants exited the trade, and the total illicit sales proceeds Defendants' realized." (*Id.* at 8.) Noticeably absent from this list of accomplishments is a description of what was false about each alleged misrepresentation and why.

The SEC argues it is "not required" to plead fraud with particularity for each alleged misrepresentation, but the three binding cases it cites (*Id.* at 6–7) hold precisely the opposite. (*U.S. ex rel. Swoben v. United Healthcare Ins.*, 848 F.3d 1161, 1180 (9th Cir. 2016) ("plaintiff must allege 'the who, what, when, where, and how of the misconduct charged,' **including what is false or misleading about a statement, and why it is false**") (emphasis added); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996) ("plaintiff **must set forth an explanation as to why the statement or omission complained of was false or misleading**[,] [and] . . . the statement or omission must be shown to have been false or misleading *when made*.") (emphasis added) (citations omitted); *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) ("the 'plaintiff **must set forth what is false or misleading about [the] statement, and why** it is false.'") (emphasis added) (citations omitted)). Mr. Left's motion cites two cases—not one, as the SEC claims—for this same proposition. (Mot., ECF No. 19-1 at 3, 21.) The SEC ignores this body of case law and instead relies on two spurious cases.

First, the SEC argues Rule 9(b) is not a "rigid checklist" by quoting an unreported case that relies on a Fifth Circuit decision, *U.S. ex rel. Grubbs v. Kanneganti* (565 F.3d 180 (5th Cir. 2009)), that courts have rejected as inconsistent

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

with Rule 9(b). (*See U.S. ex rel. Bilotta v. Novartis Pharms. Corp.*, 50 F. Supp. 3d 497, 509 (S.D.N.Y. 2014) ("Courts in this District have rejected *Grubbs*, concluding that it violates Second Circuit precedent requiring that fraud claims be pled with particularity." (collecting cases)).) Courts in the Ninth Circuit apply Rule 9(b) far more strictly. (*See, e.g.*, *Husain*, 2016 WL 11269462, at *3 (granting dismissal per Rule 9(b) because the SEC's "style of pleading does not provide Defendant with the requisite information to prepare an adequate answer and certainly does not provide the who, what, when, where, why, specific to instance of fraud alleged."); *SEC v. Fraser*, No. 9-cv-443, 2009 WL 2450508, at *16 (D. Ariz. Aug. 11, 2009) ("[T]hese allegations are simply too nebulous to specifically plead what should or should not have been in the reports. To hold otherwise would permit the SEC to simply plead that reports did not include required material, without specifying what that material actually was[.]"); *SEC v. Berry*, 580 F. Supp. 2d 911, 922 (N.D. Cal. 2008) ("Having alleged 'what' was fraudulent, the SEC must also allege, among other things, 'how' these statements were fraudulent, which is where the SEC's complaint fails.").)

Second, the SEC invents an exception to Rule 9(b) by arguing that "[l]ess specificity is required when . . . the alleged fraud occurred over an extended period of time and involved numerous overt acts." (Opp. at 7.) No case law supports that argument. The SEC is simply wrong to claim it is somehow inoculated against Rule 9(b) scrutiny due to the length of its Complaint, the "level of detail" across "215 paragraphs," or the time period covered by the Complaint. (*See SEC v. Patel*, No. 7-cv-39, 2009 WL 2015794, at *1–2 & n.2 (D.N.H. July 7, 2009) ("struggling to decipher the SEC's pleading style" involving "374 paragraphs" where "the SEC appears to suggest that each defendant was responsible for a dozen or more communications containing false statements, and several of those communications are alleged to have contained multiple misrepresentations.").) Indeed, in the sole case the SEC relies upon, *Rhoades v. Powell*, the court held the opposite by

7

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

"requir[ing] plaintiffs to amend the complaint in several respects" and "to carefully allege **which representations were false** and **exactly how they were false or the omissions misleading**. Otherwise, it is not clear whether plaintiffs are alleging actionable fraud or merely bad investment advice—defendants must have fair notice of the fraud claimed." (644 F. Supp. 645, 660 (E.D. Cal. 1986) (emphasis added).) Like other courts addressing the same issue, Mr. Left respectfully requests that the Court "reject[] the SEC's argument in favor of relaxing the strictures of Rule 9(b)." (*SEC v. Tambone*, 417 F. Supp. 2d 127, 131 (D. Mass. 2006) ("Despite the rather straight-forward nature of the case law, the SEC has ignited a controversy by arguing that the strict command of Rule 9(b) should be relaxed").[3])

## V.   The SEC Fails to Allege Actionable Misrepresentations or Omissions

In one portion of its Opposition, the SEC argues it "does **not** allege that Defendants simply **omitted** material information," and instead alleges "Defendants **made misleading half-truths** by representing that they held short or long positions in certain target companies' securities and recommended that readers trade in the same manner as them, when at the time of making those representations Defendants actually intended to immediately reverse their positions and trade contrary to those recommendations, which rendered their representations misleading." (Opp. at 13 (emphases added).[4]) The SEC argues elsewhere "[t]he fraud alleged here lies **not in making false statements** to the market about a subject company's securities, but in Defendants' **failure to disclose** their trading activity in the securities they were

---

[3] The case the SEC quotes for this proposition actually "assume[d], without deciding" that a relaxed standard applied because "[t]he Ninth Circuit has not addressed" Rule 9(b) for manipulation claims. (*ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1239 (C.D. Cal. 2015); *see* Opp. at 10.)

[4] The SEC argues *Retail Wholesale* and *Omnicare* "are irrelevant" and "did not allege that Defendants made false and misleading half-truths." (Opp. at 14 n.8.) The SEC is incorrect. (*Omnicare*, 575 U.S. at 182 ("[W]e address when an opinion may be rendered misleading by the omission of discrete factual representations."); *Retail Wholesale & Dep't Store v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) ("The Court cannot agree that, under the facts alleged in the complaint, Defendants' representations about ethics were materially misleading.").)

8

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

recommending." (*Id.* at 11 (emphasis added).) The SEC argues elsewhere that it "does **not seek to compel** Defendants' speech. Rather, the SEC alleges that Defendants chose to issue certain publications to their readers, and **those publications contained statements that were false or misleading**." (*Id.* at 24 (emphases added).) And elsewhere the SEC argues it "does not allege that the [certain] statements were materially false or misleading" (*Id.* at 17), although two statements it claims were *not* materially false or misleading are included in the Complaint's Appendix under the heading "FALSE AND MISLEADING STATEMENTS." (Compl., ECF No. 1 at 51, 56.)

In sum, the allegations in the Complaint are all over the place, and such pleading should not survive dismissal when the SEC itself cannot stick to a cognizable fraud theory. As one court explained, "[g]iven the way the SEC has stated its claims . . . it is difficult to determine whether the alleged fraudulent conduct underlying th[e] claims consists of an untrue statement of fact, the omission of a fact necessary to make a prior statement not misleading, or some other manipulative or deceptive act." (*SEC v. Patel*, No. 7-cv-39, 2008 WL 782483, at *8 (D.N.H. Mar. 24, 2008).) The SEC's inconsistent characterizations of its own fraud theory warrants dismissal under Rules 9(b) and 12(b)(6). Each reincarnation of the fraud theory also fails separately on the merits, independently from the SEC's ever-changing description.

## A.    Mr. Left Did Not Make Recommendations

If the theory of fraud is "contra-recommendation" trading, then the Complaint fails because Mr. Left made no recommendations. (Mot. at 12–22.) The SEC did not address this argument in its Opposition, but underlying all permutations of its evolving fraud theory is the claim that Mr. Left made trading "recommendations." (*See, e.g.*, Opp. at 1 ("Defendants engaged in a fraudulent scheme using Citron Research, Left's online platform, to *recommend* that his readers buy or sell specific securities at certain target prices without disclosing that

9

he actually intended to quickly trade in the opposite direction of his *recommendations* at prices far out of line from his *recommendations*.") (emphasis added), 10 n.5 ("Defendants' alleged deceptive actions—taking a position, issuing a *recommendation* encouraging readers to buy or sell, and then trading in the opposition direction for a profit—has been referred to by courts as 'scalping' and is also referred to herein as contra-*recommendation* trading.") (emphasis added).) All opposition arguments made by the SEC—from falsity to duty—are premised on the allegation that Mr. Left made trading recommendations when, in fact, he did not.

A "recommendation" is "[a] suggestion that someone should choose a particular thing or person that one thinks particularly good or meritorious." (*Recommendation*, Black's Law Dictionary (12th ed. 2024).) Mr. Left did not suggest that readers choose a particular security or position in any of the statements alleged in the Complaint. (*See* ECF No. 1.) Indeed, the disclaimer on Citron's website advised readers: "Each investor must make that decision based on his/her judgment of the market." (RJN, Ex. A at 2.) Citron's reports likewise disclaimed: "All reports are for informational purposes only . . . [and] under no circumstances should any of these reports or any information herein be construed as investment advice, or as an offer to sell or the solicitation of an offer to buy any securities or other financial instruments. . . . Citron Capital does not render investment advice to anyone unless it has an investment adviser-client relationship with that person evidenced in writing." (RJN, Ex. B at 7–8.) Under the SEC's theory, anyone who expresses an opinion about a security—e.g., "I think XYZ stock is worth $10 a share"— commits securities fraud unless they trade at that price.

The fact that Mr. Left does not make recommendations when expressing his opinions distinguishes this case from all scalping cases cited by the SEC. (*See, e.g.*, *SEC v. Beck*, No. 2:22-cv-812, 2024 WL 1626280, at *2 (C.D. Cal. Mar. 26, 2024) (tweeting "'TURN $5k into $100K'; 'EXPECT MEGA PROFITS ABOVE 2,000%+'; 'TURN UR $1,000 INVESTMENT INTO $20,000'"); *SEC v.*

10

*DEFENDANTS' REPLY BRIEF*

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

*Gallagher*, No. 21-cv-8739, 2023 WL 6276688, at *1, 11 (S.D.N.Y. Sept. 26, 2023) (tweeting "you want this long in your portfolio," "Buy buy buy and HOL," "Tell your friends We all get rich Sell smart," "Get this now," "buy hold get rich IMO," and "This week you wanna get it," after "privately inform[ing] . . . users in private chat rooms that they should start acquiring shares"); *SEC v. Abellan*, 674 F. Supp. 2d 1213, 1216 (W.D. Wash. 2009) (recommending stock as a "strong buy").) Scalping cases involving false statements and recommendations known by the publisher to be false when made are not precedent for the SEC's broad theory that contra-recommendation trading is per se illegal. In the few cases involving disclaimers, none were as robust as Mr. Left's, and all cases involved actions contrary to the disclaimers. If trading at prices that differ from target price opinions is fraud, then every stock analyst nationwide can likely be alleged to be a fraudster. That is not the law, and Mr. Left's published opinions are not recommendations.

**B.    Mr. Left's Statements About Trading Positions Are Not Actionable**

The SEC argues that Mr. Left "made misleading half-truths by representing that [he] held short or long positions in certain target companies' securities and recommended that readers trade in the same manner as [him.]" (Opp. at 13.) Mr. Left made no such recommendations, and none of his statements support an inference of falsity based on subsequent trading activity. (Mot. at 12, 13, 16, 21.) To the extent that the SEC alleges Mr. Left's statements were false because they were inconsistent with trading activity, a simple review of the published opinions disproves the inferences the SEC asks the Court to draw.

**C.    The SEC Fails To Meet The Standard For Alleging False Opinions**

The SEC argues that Mr. Left "fail[s] to address" the legal standard for pleading falsity of opinions. (Opp. at 14.) Not only did Mr. Left address this argument in his Motion (Mot. at 9, 12–13, 15–18, 21–22), but *the SEC* is the plaintiff and therefore has the burden of plausibly pleading its claims. Mr. Left

*DEFENDANTS' REPLY BRIEF*

bears no burden to challenge allegations that the SEC failed to plead. (*Omnicare*, 575 U.S. at 194 ("*The investor* [plaintiff] must identify particular (and material) facts going to the basis for the issuer's opinion . . . whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context.") (emphasis added).) Even the supplemental allegations the SEC raises in its Opposition fail to meet the pleading threshold.

The SEC makes three points that all effectively argue Mr. Left "did not have a reasonable belief that the target prices represented the true value of the securities" because he bought or sold securities at prices that were different than the values he opined they were worth. (Opp. at 23.) Conclusory allegations of falsity based on trading activity alone do not support a reasonable inference that the target price opinions were false. (*See GFL Advantage Fund*, 272 F.3d at 210.) The cases cited by the SEC for this proposition all involved more evidence of falsity than trading activity alone. (*See SEC v. Fassari*, No. 21-cv-403, 2021 WL 2290576, at *6 (C.D. Cal. May 5, 2021) (explaining defendant "tout[ed] that he had emails from the CEO of the company, that he had 'spoke[n]' with the CEO, and that he had revenue numbers for the company's operations (which were not available publicly)" and "had been told that ARCS had 'licenses,' which he had never been told."); *SEC v. Thompson*, 238 F. Supp. 3d 575, 601 (S.D.N.Y. 2017) (alleging "'Defendants failed to inform investors that their own undisclosed trading contributed to much of the favorable price movements and increase in volume' they predicted, an allegation that suggests they did not reasonably believe that the securities independently had the touted value."); *see also Baron v. Hyrecar Inc.*, No. 2:21-cv-6918, 2022 WL 17413562, at *11 (C.D. Cal. Dec. 5, 2022) (alleging "the amount by which [defendant]'s insurances reserves were understated, the relevant time periods in which the understatements affected [defendant]'s GAAP-related disclosures to the market, . . . and testimony from confidential witnesses tying the understatements to [defendant] and its management.").) The SEC alleges no facts other than Mr. Left's

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

12

trading activity to support an inference that his opinions were not honestly held and ignores that his opinions were correct in most instances. Therefore, it fails to allege sufficient facts to support an inference that Mr. Left's opinions were false when made under the *Omnicare* standard.

## VI.    <u>The SEC Fails to Adequately Plead Materiality</u>

Contrary to the SEC's claim, Mr. Left's Motion challenged materiality of all alleged misrepresentations, including his alleged profit sharing with hedge funds. (Mot. at 5–8.) Specifically, he argued the SEC had not alleged a misrepresentation in the first place. (*Id.* at 18–21; *see SEC v. Mapp*, No. 4:16-cv-246, 2016 WL 5870576, at *8 (E.D. Tex. Oct. 7, 2016) ("Since the Commission has not alleged that Paxton made a representation regarding his compensation from Servergy, the half-truth argument may not serve as a basis for liability under Rule 10b-5 or Section 17(a).") (distinguishing *Huttoe*).) Absent a misrepresentation, the SEC must allege a duty to disclose, which it has failed to do. (Mot. at 4–5; *see Mapp*, 2016 WL 5870576, at *8 n.4 ("[U]nder a scheme liability omissions case, there still must be a duty to disclose.").)

The materiality cases cited by the SEC are inapposite because they involved compensation paid to publishers *to publish* articles, or contain other evidence of fraud not alleged here. (*See Beck*, 2024 WL 1626280, at *6 & n.4 (including significantly deficient disclaimers that did not even disclose whether defendant potentially owned the securities discussed); *Gallagher*, 2023 WL 6276688, at *1–2 (involving "frontloading" and "false and/or misleading tweets about a pending merger of one issuer"); *Fassari*, 2021 WL 2290576, at *5 ("Fassari made false statements regarding (1) ARCS' operational facilities, (2) ARCS' planned buyback of 500 million shares, (3) ARCS' investment of $30 million into its facilities; (4) ARCS' licensing status, and (5) Fassari's possession of ARCS revenue figures."); *SEC v. Sripetch*, No. 20-cv-1864, 2020 WL 6396927, at *4, 6 (S.D. Cal. Nov. 2, 2020) (alleging defendant "paid stock promoters" and made "matched orders and

*DEFENDANTS' REPLY BRIEF*

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

washed trades" sometimes amounting to "100% of the total daily reported trading volume"); *SEC v. Corp. Rels. Grp.*, No. 6:99-cv-1222, 2003 WL 25570113, at *1–2 (M.D. Fla. Mar. 28, 2003) (alleging defendants provided "promotional services in exchange for monetary compensation, stock, or both" and "acted as a securities broker" and "securities dealers, without the required registrations"); *SEC v. Huttoe*, No. 96-cv-2543, 1998 WL 34078092, at *5 (D.D.C. Sept. 14, 1998) (alleging "companies paid [defendants] with stock" including "unregistered" shares, "in exchange for articles promoting their stock" in a paid subscription newsletter which promoted "largely unknown and untested penny stock or small capitalization companies").) In addition, most of the securities referenced in the Complaint are mid- or large-capitalization companies trading millions of shares daily in highly liquid markets, as opposed to the penny stocks in the cases cited by the SEC.

## VII.   The SEC Fails to State A Claim Regarding Namaste

In its response to Mr. Left's jurisdictional arguments, the SEC claims it may apply domestic securities laws extraterritorially for reasons inconsistent with its pleading. None of the SEC's allegations allege that conduct within the U.S. was a significant step in furtherance of the alleged violations it seeks to enforce, or that conduct outside the U.S. had a foreseeable substantial effect in the U.S. Even if Mr. Left was physically in the U.S., Anson is a Canadian fund, the alleged misrepresentations took place on a Canadian news network, and were related to securities on the Canadian exchange—not the U.S. penny stock. (Mot. at 19–20.) All significant steps in furtherance of the alleged violations involving Namaste occurred, and had a foreseeable substantial effect, outside of the U.S. Furthermore, the SEC's Opposition fails to identify what was false or misleading about the alleged misrepresentations—which neither make a statement about Mr. Left's trading position nor a trading recommendation—and why the statement was false.

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

*DEFENDANTS' REPLY BRIEF*

**VIII.  The First Amendment Bars The SEC's Fraud Theory**

The SEC's Opposition does not undermine Mr. Left's First Amendment challenge. The SEC relies on circular logic and a strawman argument. Mr. Left does not argue the First Amendment protects fraud. Rather, the SEC's fraud theory is based on Mr. Left's "failure to disclose [his] trading activity in the securities [he] [was] recommending." (Opp. at 11.) Thus, the SEC seeks to compel Mr. Left and other traders to disclose private trading strategy when expressing opinions in public forums. That is compelled speech prohibited by the First Amendment. If the SEC were not arguing for Mr. Left to disclose his private trading strategy, there would be no fraud theory. The SEC has not articulated any compelling government interest, which is fatal to the Complaint on First Amendment grounds.

**IX.    The SEC's Theory of Fraud Violates Due Process**

The SEC next argues Mr. Left's due process challenge fails because people of ordinary intelligence understand the SEC's application of securities laws here. However, Mr. Left's Motion argues the few *law professors* that have explored the viability of the SEC's theory here petitioned the SEC "to engage in affirmative rulemaking" because "it is unresolved whether short sellers are subject to a duty under federal securities law to update a position disclosure which has been voluntarily initiated by the short seller but no longer reflects current holdings or trading intention" and were "unaware of any scalping cases which have been brought by the Commission against short sellers to date." (Mot. at 25.). If *securities law professors* believe the SEC's fraud theory here is "unresolved" and in need of affirmative rulemaking, then surely "people of ordinary intelligence" would not understand what conduct the SEC seeks to prohibit through this novel action.

**X.     Conclusion**

For these reasons, Mr. Left requests that the Court dismiss this action with prejudice because amendment would not save the SEC's flawed theory here.

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

15

Dated: November 6, 2024

Respectfully submitted,

SPERTUS, LANDES & JOSEPHS, LLP

By: _____

James W. Spertus
Lindsey Hay
Mario Hoang Nguyen

*Attorneys for Defendants Andrew Left and Citron Capital, LLC*

Spertus, Landes & Josephs, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone (310) 826-4700; Facsimile (310) 826-4711

16

*DEFENDANTS' REPLY BRIEF*