**DYNAMIS LLP**
ERIC S. ROSEN (pro hac vice)
erosen@dynamisllp.com
(617) 802-9157
MICHAEL B. HOMER (pro hac vice)
mhomer@dynamisllp.com
(617) 693-9732
225 Franklin St., 26th Floor
Boston, Massachusetts 02110

YUSEF AL-JARANI (Cal Bar No. 351575)
yaljarani@dynamisllp.com
(213) 283-0685
1100 Glendon Ave., 17th Floor
Los Angeles, California 90024

*Attorneys for Defendants Andrew Left*
*and Citron Capital, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE, COMMISSION, | Case No. 2:24-cv-06311 |
| Plaintiff, | **ANSWER** |
| v. | |
| ANDREW LEFT, AND CITRON CAPITAL, LLC, | |
| Defendants. | |

1    Defendants Andrew Left ("Mr. Left") and Citron Capital, LLC ("Citron
2 Capital," and together with Mr. Left, "Defendants"), by and through their
3 undersigned counsel, hereby file this Answer in response to the allegations of
4 Plaintiff Securities and Exchange Commission's ("SEC") Complaint (the
5 "Complaint"), and state as follows:

6    1.    Paragraph 1 sets forth a legal conclusion and/or seeks relief from the
7 Court, to which no response is required. To the extent a response is required,
8 Defendants lack knowledge or information sufficient to form a belief about the truth
9 of the allegations in Paragraph 1.

10    2.    Paragraph 2 sets forth a legal conclusion and/or seeks relief from the
11 Court, to which no response is required. To the extent a response is required,
12 Defendants lack knowledge or information sufficient to form a belief about the truth
13 of the allegations in Paragraph 2.

14    3.    Defendants admit that from March 2018 to December 2020, Mr. Left
15 resided, and Citron Capital's headquarters were based, in Los Angeles County,
16 California. The remaining allegations in Paragraph 3 set forth a legal conclusion
17 and/or seek relief from the Court, to which no response is required. To the extent a
18 response is required, Defendants lack knowledge or information sufficient to form a
19 belief about the truth of the remaining allegations in Paragraph 3.

20    4.    Defendants admit that Mr. Left is a private investor who sometimes
21 uses short-selling trading strategies. Defendants admit that, at one point, Twitter
22 listed Citron Research as having over one hundred thousand "followers."
23 Defendants admit generally that Mr. Left has published tweets and reports about
24 companies through Citron Research, including around and after 2008. Defendants
25 state that those tweets and reports speak for themselves. To the extent the allegations
26 in Paragraph 4 contradict those tweets and reports, Defendants deny those
27 allegations.

28

5.      Defendants admit that this is a civil enforcement action. Defendants admit that, at times, Mr. Left's trading activity generated a profit. Defendants admit generally that Mr. Left published tweets and reports about companies between approximately March 2018 and December 2020. Defendants state that those tweets and reports speak for themselves. To the extent the allegations in Paragraph 5 contradict those tweets and reports, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 5.

6.      Defendants admit generally that they have, at times, taken long or short positions in companies. Defendants admit generally that they have executed trades based on those positions that, at times, generated a profit. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing of Mr. Left's trades and any effect they may have had on stock prices. Defendants admit generally that Mr. Left made tweets and reports about companies. To the extent the allegations in Paragraph 6 contradict those tweets and reports, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit generally that Mr. Left has issued invoices for his services, and that Defendants have posted letters and made websites. Defendants state that those invoices, letters, and websites speak for themselves. To the extent the allegations in Paragraph 7 contradict those invoices, letters, and websites, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8.

9.      Paragraph 9 sets forth a legal conclusion and/or seeks relief from the Court, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10.     Paragraph 10 sets forth a legal conclusion and/or seeks relief from the Court, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.     Defendants admit that at the time the Complaint was filed, Mr. Left was 54 years old and resided in Boca Raton, Florida. Defendants admit that Mr. Left resided in Beverly Hills California from March 2018 to December 2020. Defendants admit that in 1998, the unofficial, non-governmental National Futures Association issued a decision against Universal Commodity Corporation and nineteen of its current and former employees, one of whom included Mr. Left—who left the company after approximately 10 months and denied the allegations against him, which concerned his communications with a single customer. Defendants admit that in 2016, the Hong Kong Securities and Futures Commission barred Mr. Left from trading in Hong Kong for five years after he published a report about the solvency of and certain statements by Chinese property developer Evergrande Real Estate Group Limited, which subsequently went bankrupt and was fined by the China Securities Regulatory Commission (China's SEC equivalent) for falsifying its revenue, among other violations. Defendants deny the remaining allegations in Paragraph 11.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One." Defendants admit the remaining allegations in Paragraph 12.

13.     Defendants admit Mr. Left founded and leads Citron Research, as is disclosed on its website and Twitter page. Defendants admit Mr. Left has made tweets and reports about companies through Citron Research since approximately 2008. Defendants admit Mr. Left has publicly commented on companies since 2001. Defendants deny the remaining allegations in Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20.     Paragraph 20 sets forth the SEC's definitions for terms it uses in the Complaint, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     Paragraph 21 sets forth the SEC's definitions for terms it uses in the Complaint, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.     Paragraph 22 sets forth the SEC's definitions for terms it uses in the Complaint, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     Paragraph 23 sets forth the SEC's definitions for terms it uses in the Complaint, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth

- 5 -

1 | of the allegations in Paragraph 23.

2      24.    Defendants admit Mr. Left published reports about companies in the
3 early 2000s through his website StockLemon.com. Defendants deny the remaining
4 allegations in Paragraph 24.

5      25.    Defendants admit Mr. Left founded Citron Research in 2008.
6 Defendants admit generally that Mr. Left made tweets and reports about companies
7 through Citron Research. Defendants state that those tweets and reports speak for
8 themselves. To the extent the allegations in Paragraph 25 contradict those tweets
9 and reports, Defendants deny those allegations.

10      26.    Defendants admit generally that Mr. Left published commentaries
11 about companies through Citron Research. Defendants state that those commentaries
12 speak for themselves. To the extent the allegations in Paragraph 26 contradict those
13 commentaries, Defendants deny those allegations.

14      27.    Defendants admit generally that Mr. Left published commentaries
15 about companies through Citron Research. Defendants state that those commentaries
16 speak for themselves. To the extent the allegations in Paragraph 27 contradict those
17 commentaries, Defendants deny those allegations.

18      28.    Defendants admit generally that Mr. Left published commentaries
19 about companies through Citron Research. Defendants state that those commentaries
20 speak for themselves. To the extent the allegations in Paragraph 28 contradict those
21 commentaries, Defendants deny those allegations.

22      29.    Defendants admit generally that Mr. Left published commentaries
23 about companies through Citron Research and has discussed those commentaries in
24 the media. Defendants state that those commentaries and discussions speak for
25 themselves. To the extent the allegations in Paragraph 29 contradict those
26 commentaries and discussions, Defendants deny those allegations.

27      30.    Defendants admit generally that Mr. Left published tweets about

28

companies. Defendants state that those tweets speak for themselves. To the extent the allegations in Paragraph 30 contradict those tweets, Defendants deny those allegations.

31.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One." Defendants admit the remaining allegations in Paragraph 31.

32.    Defendants admit generally that Mr. Left publicly posted letters discussing Citron Capital. Defendants state that those letters speak for themselves. To the extent the allegations in Paragraph 32 contradict those tweets, Defendants deny those allegations.

33.    Defendants admit generally that Mr. Left publicly posted letters discussing Citron Capital. Defendants state that those letters speak for themselves. To the extent the allegations in Paragraph 33 contradict those tweets, Defendants deny those allegations.

34.    Defendants admit generally that Mr. Left communicated information about Citron Capital to CNBC in February 2019. Defendants state that those communications speak for themselves. To the extent the allegations in Paragraph 34 contradict those discussions, Defendants deny those allegations.

35.    The allegations in Paragraph 35 are vague and/or ambiguous such that Defendants cannot determine whether to admit or deny them; thus, Defendants deny the allegations in Paragraph 35.

36.    Defendants admit generally that Mr. Left controlled both Citron Research and Citron Capital, and that Mr. Left made reports mentioning Citron Research and Citron Capital. Defendants state that those reports speak for themselves. To the extent the allegations in Paragraph 36 contradict those reports, Defendants deny those allegations.

37.    Defendants admit generally that Mr. Left controlled Citron Research

1  and appeared on media programs discussing Citron Research. The remaining

2  allegations in Paragraph 37 set forth a legal conclusion and/or seek relief from the

3  Court, to which no response is required. To the extent a response is required,

4  Defendants lack knowledge or information sufficient to form a belief about the truth

5  of those allegations.

6       38.    Defendants admit Mr. Left is a principal of Citron Capital and was

7  involved in trading and investment decisions it made. Defendants admit Mr. Left

8  made public statements regarding Citron Capital in media and through letters.

9  Defendants state that those statements speak for themselves. To the extent the

10  allegations in Paragraph 38 contradict those statements, Defendants deny those

11  allegations. Defendants lack knowledge or information sufficient to form a belief

12  about the truth of the allegations regarding "Business Associate One." The

13  remaining allegations in Paragraph 38 set forth a legal conclusion and/or seek relief

14  from the Court, to which no response is required. To the extent a response is

15  required, Defendants lack knowledge or information sufficient to form a belief about

16  the truth of those allegations.

17       39.    Defendants admit that the Citron Research Twitter header and website

18  made certain statements. Defendants state that those statements speak for

19  themselves. To the extent the allegations in Paragraph 39 contradict those

20  statements, Defendants deny those allegations.

21       40.    Defendants admit that Mr. Left made certain statements about himself

22  and Citron Research, including to the Financial Times in July 2011, and that certain

23  statements appeared on the Citron Research website. Defendants state that those

24  statements speak for themselves. To the extent the allegations in Paragraph 40

25  contradict those statements, Defendants deny those allegations.

26       41.    Defendants admit that Mr. Left made certain statements to CNBC in

27  September 2018. Defendants state that those statements speak for themselves. To

28

- 8 -

1  the extent the allegations in Paragraph 41 contradict those statements, Defendants

2  deny those allegations.

3      42.    Defendants admit that Mr. Left published statements about Citron

4  Research. Defendants state that those statements speak for themselves. To the extent

5  the allegations in Paragraph 42 contradict those statements, Defendants deny those

6  allegations.

7      43.    Defendants admit that at one point, Twitter listed Citron Research as

8  having over one hundred thousand "followers." Defendants admit that the media

9  sometimes covered Citron Research's tweets.

10     44.    Defendants admit generally that Citron Research made publications

11  about companies. Defendants state that those publications speak for themselves. To

12  the extent the allegations in Paragraph 44 contradict those statements, Defendants

13  deny those allegations.

14     45.    Defendants lack knowledge or information sufficient to form a belief

15  about the truth of the allegations in Paragraph 45.

16     46.    Defendants generally admit that Citron Research made publications

17  about companies. Defendants state that those publications speak for themselves. To

18  the extent the allegations in Paragraph 46 contradict those statements, Defendants

19  deny those allegations.

20     47.    Defendants lack knowledge or information sufficient to form a belief

21  about the truth of the allegations in Paragraph 47.

22     48.    Defendants deny the allegations in Paragraph 48.

23     49.    Defendants state that Mr. Left's written communications speak for

24  themselves. To the extent the allegations in Paragraph 49 contradict the written

25  communications, Defendants deny those allegations. Defendants deny the remaining

26  allegations in Paragraph 49.

27     50.    Defendants state that Mr. Left's written communications speak for

28

- 9 -

themselves. To the extent the allegations in Paragraph 50 contradict the written communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants generally admit that Mr. Left published reports and tweets about companies. Defendants state that those reports and tweets speak for themselves. To the extent the allegations in Paragraph 51 contradict those reports and tweets, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51.

52.     Defendants generally admit that Mr. Left published reports and tweets about companies. Defendants state that those reports and tweets speak for themselves. To the extent the allegations in Paragraph 52 contradict those reports and tweets, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52.

53.     Defendants generally admit that Citron Research published tweets about companies. Defendants state that those tweets speak for themselves. To the extent the allegations in Paragraph 53 contradict those tweets, Defendants deny those allegations.

54.     Defendants generally admit that Mr. Left published reports about companies and sometimes edited those posts prior to publication. Defendants state that those reports speak for themselves. To the extent the allegations in Paragraph 54 contradict those reports, Defendants deny those allegations.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57.     Defendants generally admit that Mr. Left made statements about

companies through Citron Research. Defendants state that those statements speak for themselves. To the extent the allegations in Paragraph 57 contradict those statements, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party readers' knowledge or beliefs in Paragraph 57. Defendants deny the remaining allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 61 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One" in Paragraph 61. Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 61 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One" in Paragraph 62. Defendants deny the remaining allegations in Paragraph 62.

63.     Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 63 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One" in Paragraph 63. Defendants deny the remaining allegations in Paragraph 63.

1    64.    Defendants deny the allegations in Paragraph 64.

2    65.    Defendants state that Mr. Left's written communications speak for

3    themselves. To the extent the allegations in Paragraph 65 contradict the written

4    communications, Defendants deny those allegations. Defendants deny the remaining

5    allegations in Paragraph 65.

6    66.    The allegations in Paragraph 66 are vague and/or ambiguous such that

7    Defendants cannot determine whether to admit or deny them; thus, Defendants deny

8    the allegations in Paragraph 66.

9    67.    Defendants deny the allegations in Paragraph 67.

10    68.    Defendants state that Mr. Left's written communications speak for

11    themselves. To the extent the allegations in Paragraph 68 contradict the written

12    communications, Defendants deny those allegations. Defendants lack knowledge or

13    information sufficient to form a belief about the truth of the allegations regarding

14    third-party readers' knowledge or beliefs in Paragraph 68. Defendants deny the

15    remaining allegations in Paragraph 68.

16    69.    Defendants state that Mr. Left's written communications speak for

17    themselves. To the extent the allegations in Paragraph 69 contradict the written

18    communications, Defendants deny those allegations. Defendants lack knowledge or

19    information sufficient to form a belief about the truth of the allegations regarding

20    third-party readers' knowledge or beliefs in Paragraph 68. Defendants deny the

21    remaining allegations in Paragraph 69.

22    70.    Defendants state that Mr. Left's written communications speak for

23    themselves. To the extent the allegations in Paragraph 70 contradict the written

24    communications, Defendants deny those allegations. Defendants lack knowledge or

25    information sufficient to form a belief about the truth of the allegations regarding

26    third-party readers' knowledge or beliefs in Paragraph 68. Defendants deny the

27    remaining allegations in Paragraph 70.

28

ANSWER

71.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 71 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party readers' knowledge or beliefs in Paragraph 71. Defendants deny the remaining allegations in Paragraph 71.

72.    Defendants admit that Mr. Left traded interests in stocks. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing of Mr. Left's trades. Defendants state that Mr. Left's written communications on Citron Research speak for themselves. To the extent the allegations in Paragraph 72 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party readers' knowledge or beliefs in Paragraph 72.

73.    Defendants admit that they took short positions in certain companies, and that their trades sometimes generated a profit. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing of Mr. Left's trades.

74.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing of Mr. Left's trades and publications.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants admit that they took short positions in certain companies, and that their trades sometimes generated a profit. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing of Mr. Left's trades and publications.

77.    Defendants admit that they took long positions in certain companies,

- 13 -

1    and that their trades sometimes generated a profit. Defendants lack knowledge or

2    information sufficient to form a belief about the truth of the allegations regarding the

3    timing of Mr. Left's trades and publications.

4        78.     Defendants deny the allegations in Paragraph 78.

5        79.     Defendants admit that they took long positions in certain companies,

6    and that their trades sometimes generated a profit. Defendants lack knowledge or

7    information sufficient to form a belief about the truth of the allegations regarding the

8    timing of Mr. Left's trades and publications.

9        80.     Defendants lack knowledge or information sufficient to form a belief

10    about the truth of the allegations regarding the timing of Mr. Left's trades and

11    publications and the timing of third-party investors' trades.

12        81.     Defendants lack knowledge or information sufficient to form a belief

13    about the truth of the allegations regarding the timing of Mr. Left's trades and

14    publications. Defendants deny the remaining allegations in Paragraph 81.

15        82.     Defendants lack knowledge or information sufficient to form a belief

16    about the truth of the allegations regarding the timing of Mr. Left's trades and

17    publications.

18        83.     Defendants deny the allegations in Paragraph 83.

19        84.     Defendants deny the allegations in Paragraph 84.

20        85.     Defendants deny the allegations in Paragraph 85.

21        86.     Defendants lack knowledge or information sufficient to form a belief

22    about the truth of the allegations regarding stock prices and the timing of Mr. Left's

23    trades and publications. Defendants deny the remaining allegations in Paragraph 86.

24        87.     Defendants lack knowledge or information sufficient to form a belief

25    about the truth of the allegations regarding stock prices and the timing of Mr. Left's

26    trades and publications. Defendants deny the remaining allegations in Paragraph 87.

27        88.     Defendants admit that their trades sometimes generated a profit.

28

Defendants deny the remaining allegations in Paragraph 88.

89.  Defendants deny the allegations in Paragraph 89.

90.  Defendants admit the allegations in Paragraph 90.

91.  Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 91 contradict those written communications, Defendants deny those allegations.

92.  Defendants state that their written communications speak for themselves. To the extent the allegations in Paragraph 92 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing and pricing of their trades.

93.  Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 93 contradict the written communications, Defendants deny those allegations.

94.  Defendants state that Mr. Left's reports and tweets speak for themselves. To the extent the allegations in Paragraph 94 contradict those reports and tweets, Defendants deny those allegations.

95.  Defendants state that their written communications speak for themselves. To the extent the allegations in Paragraph 95 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing and pricing of their trades.

96.  Defendants generally admit that Mr. Left published reports about companies and sometimes edited those posts prior to publication. Defendants state that those reports speak for themselves. To the extent the allegations in Paragraph 96 contradict those reports, Defendants deny those allegations.

97.  Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants admit the allegations in Paragraph 99.

100.    Defendants state that their written communications speak for themselves. To the extent the allegations in Paragraph 100 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing and pricing of their trades.

101.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing of their tweets and trades.

102.    Defendants state that their written communications speak for themselves. To the extent the allegations in Paragraph 102 contradict those written communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants lack knowledge or information sufficient to form a belief about the truth of the proceeds alleged by the SEC in Paragraph 104.

105.    Defendants state that their written communications speak for themselves. To the extent the allegations in Paragraph 105 contradict those written communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 107 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Portfolio Manager One." Defendants deny the remaining allegations in Paragraph 107.

108.    Defendants admit that Mr. Left made publications about companies that traded on the NASDAQ. Defendants state that those publications speak for themselves. To the extent the allegations in Paragraph 108 contradict those publications, Defendants deny those allegations.

109.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 109 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Portfolio Manager One." Defendants deny the remaining allegations in Paragraph 109.

110.    Defendants admit to trading Cronos Group ("CRON") in August 2018. Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 110 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Portfolio Manager One." Defendants deny the remaining allegations in Paragraph 110.

111.    Defendants state that Mr. Left's reports and tweets speak for themselves. To the extent the allegations in Paragraph 111 contradict those reports and tweets, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 111.

112.    Defendants state that Mr. Left's tweets speak for themselves. To the extent the allegations in Paragraph 112 contradict those tweets, Defendants deny those allegations.

113.    Defendants admit Mr. Left made certain statements to CNBC in August 2018. Defendants state that Mr. Left's statements speak for themselves. To the extent the allegations in Paragraph 113 contradict those statements, Defendants

- 17 -

deny those allegations.

114.   Defendants deny the allegations in Paragraph 114.

115.   Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 115 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Portfolio Manager One." Defendants deny the remaining allegations in Paragraph 115.

116.   Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 116 contradict the written communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 116.

117.   Defendants lack knowledge or information sufficient to form a belief about the truth of the proceeds alleged by the SEC in Paragraph 117.

118.   Defendants the allegations in Paragraph 118.

119.   Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 119 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the trading price of stocks. Defendants deny the remaining allegations in Paragraph 119.

120.   Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 120 contradict those written communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 120.

121.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing of their trades in Paragraph

ANSWER

1   121.

2        122.    Defendants state that Mr. Left's written communications speak for

3   themselves. To the extent the allegations in Paragraph 122 contradict those written

4   communications, Defendants deny those allegations. Defendants deny the remaining

5   allegations in Paragraph 122.

6        123.    Defendants deny the allegations in Paragraph 123.

7        124.    Defendants lack knowledge or information sufficient to form a belief

8   about the truth of the allegations regarding the timing of their trades in Paragraph

9   124.

10       125.    Defendants admit the allegations in Paragraph 125.

11       126.    Defendants state that Mr. Left's written communications speak for

12  themselves. To the extent the allegations in Paragraph 126 contradict those written

13  communications, Defendants deny those allegations. Defendants deny the remaining

14  allegations in Paragraph 126.

15       127.    Defendants lack knowledge or information sufficient to form a belief

16  about the truth of the trading allegations in Paragraph 127.

17       128.    Defendants state that Mr. Left's written communications speak for

18  themselves. To the extent the allegations in Paragraph 128 contradict those written

19  communications, Defendants deny those allegations. Defendants lack knowledge or

20  information sufficient to form a belief about the truth of the allegations regarding

21  the timing and pricing of Mr. Left's trades. Defendants deny the remaining

22  allegations in Paragraph 128.

23       129.    Defendants lack knowledge or information sufficient to form a belief

24  about the truth of the allegations regarding the timing and pricing of Citron Capital's

25  trades. Defendants deny the remaining allegations in Paragraph 129.

26       130.    Defendants lack knowledge or information sufficient to form a belief

27  about the truth of the proceeds alleged by the SEC in Paragraph 130.

28

131.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding third-party investors' statements in Paragraph 131.

132.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 132 contradict the written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One." Defendants deny the remaining allegations in Paragraph 132.

133.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One." Defendants deny the remaining allegations in Paragraph 132.

134.    Defendants admit to trading American Airlines Group Inc. ("AAL") in June 2020. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 134.

135.    Defendants state that Mr. Left's tweets speak for themselves. To the extent the allegations in Paragraph 135 contradict those tweets, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 135.

136.    Defendants state that Mr. Left's tweets speak for themselves. To the extent the allegations in Paragraph 136 contradict those tweets, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 136.

137.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing and pricing of their trades. Defendants deny the remaining allegations in Paragraph 137.

138.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing and pricing of their trades. Defendants deny the remaining allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants lack knowledge or information sufficient to form a belief about the truth of the proceeds alleged by SEC in Paragraph 140.

141.    Defendants admit the allegations in Paragraph 141.

142.    Defendants state that Mr. Left's tweets speak for themselves. To the extent the allegations in Paragraph 142 contradict those tweets, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 142.

143.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 143 contradict those written communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 143.

144.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One."

145.    Defendants state that Mr. Left's communications, or lack thereof, speak for themselves. To the extent the allegations in Paragraph 145 are contradicted by those communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 145.

146.    Defendants lack knowledge or information sufficient to form a belief about the truth of the profits alleged by the SEC in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding publications by third parties.

149.    Defendants state that Mr. Left's commentaries speak for themselves. To the extent the allegations in Paragraph 149 contradict those commentaries, Defendants deny those allegations.

150.    Defendants admit that Mr. Left traded General Electric ("GE") in August 2019. Defendants lack knowledge or information sufficient to form a belief

ANSWER

about the truth of the remaining allegations in Paragraph 150.

151.     Defendants state that Mr. Left's commentaries speak for themselves. To the extent the allegations in Paragraph 151 contradict those commentaries, Defendants deny those allegations.

152.     Defendants state that Mr. Left's commentaries speak for themselves. To the extent the allegations in Paragraph 152 contradict those commentaries, Defendants deny those allegations.

153.     Defendants state that Mr. Left's commentaries speak for themselves. To the extent the allegations in Paragraph 153 contradict those commentaries, Defendants deny those allegations.

154.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Hedge Fund Two." Defendants deny the remaining allegations in Paragraph 154.

155.     Defendants deny the allegations in Paragraph 155.

156.     Defendants state that Mr. Left's trades speak for themselves. To the extent the allegations in Paragraph 156 contradict those trades, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 156.

157.     Defendants admit that Citron Capital did not trade in General Electric around the alleged commentary. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing and any profit generated by Mr. Left's trades.

158.     Defendants admit that Anson Advisors paid Mr. Left for his services in 2018. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding how third party Namaste Technologies, Inc.'s securities traded.

159.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding third party Anson Advisors.

ANSWER

160.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 160 contradict those written communications, Defendants deny those allegations.

161.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Portfolio Manager One."

162.    Defendants state that Citron Research's tweets and reports speak for themselves. To the extent the allegations in Paragraph 162 contradict those tweets and reports, Defendants deny those allegations.

163.    Defendants state that Citron Research's tweets and reports speak for themselves. To the extent the allegations in Paragraph 163 contradict those tweets and reports, Defendants deny those allegations.

164.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 164 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Portfolio Manager One."

165.    Defendants admit Mr. Left was interviewed by BNN Bloomberg in September 2018. Defendants state that Mr. Left's statements during the interview speak for themselves. To the extent the allegations in Paragraph 165 contradict those statements, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 165.

166.    Defendants admit that Mr. Left traded Namaste in September 2018. Defendants lack knowledge or information sufficient to form a belief about the truth of the timing and nature of the trades. Defendants deny the remaining allegations in Paragraph 166.

167.    Defendants admit that Mr. Left created the website namstetruth.com. Defendants state that the website and Mr. Left's written communications about it

ANSWER

speak for themselves. To the extent the allegations in Paragraph 167 contradict the website and those communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 167.

168.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 168 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Portfolio Manager One." Defendants deny the remaining allegations in Paragraph 168.

169.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169.

170.    Defendants state that the tweet speaks for itself. To the extent the allegations in Paragraph 170 contradict the tweet, Defendants deny those allegations.

171.    Defendants state that the tweet speaks for itself. To the extent the allegations in Paragraph 171 contradict the tweet, Defendants deny those allegations.

172.    Defendants state that the tweet speaks for itself. To the extent the allegations in Paragraph 172 contradict the tweet, Defendants deny those allegations.

173.    Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 173.

174.    Defendants lack knowledge or information sufficient to form a belief about the truth of the profits alleged by the SEC in Paragraph 174.

175.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Third-Party Intermediary." Defendants deny the remaining allegations in Paragraph 175.

176.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Third-Party Intermediary." Defendants deny the remaining allegations in Paragraph 176.

177.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Third-Party Intermediary." Defendants deny the remaining allegations in Paragraph 177.

178.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Hedge Fund Two."

179.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Hedge Fund Two."

180.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One" and "Hedge Fund Two."

181.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Business Associate One" and "Hedge Fund Two."

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants deny the allegations in Paragraph 183.

184.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 184 contradict those written communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 184.

185.    Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 185 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the timing and pricing of trades in Paragraph 185.

186.   Defendants deny the allegations in Paragraph 186.

187.   Defendants state that Mr. Left's statements to CNBC speak for themselves. To the extent the allegations in Paragraph 187 contradict those statements, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 187.

188.   Defendants state that Mr. Left's statements to Bloomberg speak for themselves. To the extent the allegations in Paragraph 188 contradict those statements, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 188.

189.   Defendants state that Mr. Left's statements to CNBC speak for themselves. To the extent the allegations in Paragraph 189 contradict those statements, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 189.

190.   Defendants deny the allegations in Paragraph 190.

191.   Defendants state that Mr. Left's written communications speak for themselves. To the extent the allegations in Paragraph 191 contradict those written communications, Defendants deny those allegations. Defendants admit that Anson Advisors paid Mr. Left for his services. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding "Hedge Fund Two."

192.   Defendants deny the allegations in Paragraph 192.

193.   Defendants deny the allegations in Paragraph 193.

194.   Defendants deny the allegations in Paragraph 194.

195.   Defendants deny the allegations in Paragraph 195.

196.    Defendants state that Defendants' written communications speak for themselves. To the extent the allegations in Paragraph 196 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198.

199.    Defendants state that Defendants' written communications speak for themselves. To the extent the allegations in Paragraph 199 contradict those written communications, Defendants deny those allegations.

200.    Defendants deny the allegations in Paragraph 200.

201.    Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 201.

202.    Defendants state that Defendants' written communications speak for themselves. To the extent the allegations in Paragraph 202 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 202.

203.    Defendants generally admit that they published reports about companies and sometimes edited those posts prior to publication. Defendants state that those reports speak for themselves. To the extent the allegations in Paragraph 203 contradict those reports, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 203.

204.    Defendants state that Defendants' written communications speak for themselves. To the extent the allegations in Paragraph 204 contradict those written communications, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 204.

205.    Defendants state that Defendants' written communications speak for themselves. To the extent the allegations in Paragraph 205 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 205. Defendants deny the remaining allegations in Paragraph 205.

206.    Defendants state that Defendants' written communications speak for themselves. To the extent the allegations in Paragraph 206 contradict those written communications, Defendants deny those allegations. Defendants lack knowledge or information sufficient to form a belief about the truth of the trading allegations in Paragraph 206. Defendants deny the remaining allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207.

208.    Defendants deny the allegations in Paragraph 208.

209.    Defendants admit Mr. Left published statements through Citron Research. Defendants state that the statements speak for themselves. To the extent the allegations in Paragraph 209 contradict those statements, Defendants deny those allegations. The remaining allegations in Paragraph 209 set forth a legal conclusion and/or seek relief from the Court, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations.

210.    Defendants admit Mr. Left published statements through Citron Research. The remaining allegations in Paragraph 210 set forth a legal conclusion and/or seek relief from the Court, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations.

211.    Defendants state that Mr. Left's public communications speak for themselves. To the extent the allegations in Paragraph 211 contradict those communications, Defendants deny those allegations. The remaining allegations in

1  Paragraph 211 set forth a legal conclusion and/or seek relief from the Court, to

2  which no response is required. To the extent a response is required, Defendants lack

3  knowledge or information sufficient to form a belief about the truth of those

4  allegations.

5       212.    Defendants deny the allegations in Paragraph 212.

6       213.    Defendants deny the allegations in Paragraph 213.

7       214.    Defendants deny the allegations in Paragraph 214.

8       215.    Defendants deny the allegations in Paragraph 215.

9                   **FIRST CLAIM FOR RELIEF**

10      216.    Defendants repeat and reallege their responses to the allegations in

11  Paragraphs 1 through 215.

12      217.    Defendants deny the allegations in Paragraph 217.

13      218.    Defendants deny the allegations in Paragraph 218.

14                  **SECOND CLAIM FOR RELIEF**

15      219.    Defendants repeat and reallege their responses to the allegations in

16  Paragraphs 1 through 215.

17      220.    Defendants deny the allegations in Paragraph 220.

18      221.    Defendants deny the allegations in Paragraph 221.

19                  **THIRD CLAIM FOR RELIEF**

20      222.    Defendants repeat and reallege their responses to the allegations in

21  Paragraphs 1 through 215.

22      223.    Defendants deny the allegations in Paragraph 223.

23      224.    Defendants deny the allegations in Paragraph 224.

24                  **FOURTH CLAIM FOR RELIEF**

25      225.    Defendants repeat and reallege their responses to the allegations in

26  Paragraphs 1 through 215.

27      226.    Defendants deny the allegations in Paragraph 226.

28

ANSWER

227.    Defendants deny the allegations in Paragraph 227.

**FIFTH CLAIM FOR RELIEF**

228.    Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 215.

229.    Defendants deny the allegations in Paragraph 229.

230.    Defendants deny the allegations in Paragraph 230.

**AFFIRMATIVE DEFENSES**

Defendants allege, assert, and state the following affirmative defenses as separate and distinct defenses to the Complaint. By virtue of asserting these affirmative defenses, Defendants do not assume any burden of proof, persuasion, or production not legally assigned to them.

1.    The Complaint fails to state a cause of action and should be dismissed.

2.    The statements alleged in the Complaint were either truthful, substantially accurate or constituted protected opinion, and therefore were permissible market commentary.

3.    Defendants' statements were protected speech under the First Amendment as expressions of opinion on publicly traded companies.

4.    The Complaint and each allegation of fraud and misrepresentation therein fails to aver the circumstances constituting fraud with particularity in accordance with Federal Rule of Civil Procedure 9(b) and all such allegations should accordingly be dismissed.

5.    Defendants did not act with the requisite degree of scienter necessary to create liability as alleged by the SEC in the Complaint.

6.    Defendants had no legal duty to disclose trading intentions or positions beyond legal and regulatory requirements.

7.    Defendants reasonably relied on publicly available information or other analysis in good faith.

8.     The Complaint fails to allege that the actions of Defendants caused the losses for which the SEC seeks recovery, and the Complaint should be dismissed.

9.     The alleged damages or harm, if any, were caused by the actions of unrelated third parties for which the SEC is not entitled to recover from Defendants.

10.     The alleged market activity reflects legitimate investment strategies and was not manipulative or fraudulent.

11.     The alleged damages or harm, if any, were the direct and proximate result of intervening and superseding events over which Defendants had no authority or control and for which Defendants are not responsible.

12.     The alleged violations are the result of unrelated, preexisting, or subsequent conditions unrelated to the Defendants' conduct.

13.     No person or entity suffered any cognizable damages from the conduct of Defendants alleged in the Complaint.

14.     Defendants' alleged actions conformed to accepted market and industry practices at the time, and were consistent with then-existing interpretations of securities regulations or regulatory guidance (or lack thereof).

15.     The SEC's action and investigation were conducted in a manner constituting unfair, selective or inequitable treatment, precluding relief.

16.     The relief sought against Defendants is grossly disproportionate to the conduct alleged.

## **RESERVATION OF RIGHTS**

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses available to them, and therefore expressly reserve, in accordance with applicable law, the right to amend or supplement their Answer, including their defenses herein, and all other pleadings, and the right to assert any and all other additional and further

1  defenses as appropriate, including defenses that may be revealed by discovery or

2  otherwise.

3  ## **PRAYER FOR RELIEF**

4  WHEREFORE, Defendants respectfully request that this Court enter a Final

5  Judgment:

6  ### **I.**

7  Dismissing all claims in the Complaint with prejudice;

8  ### **II.**

9  Awarding Defendants reasonable costs and attorney's fees; and

10  ### **III.**

11  Granting any other and further relief this Court may deem just and proper.

12  ## **JURY DEMAND**

13  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants

14  demand that this case be tried to a jury.

15

16  Dated: June 13, 2025

17  _/s/ Eric S. Rosen_
    Eric S. Rosen (pro hac vice)

18  Michael B. Homer (pro hac vice)

19  Yusef Al-Jarani
    **DYNAMIS LLP**

20

21  _Attorneys for Defendants Andrew Left
    and Citron Capital, LLC_

22

23

24

25

26

27

28
ANSWER