BILAL A. ESSAYLI
United States Attorney
CHRISTINA SHAY
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Deputy Chief, Criminal Division
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorney
Major Frauds Section
LAUREN ARCHER
MATTHEW REILLY
Trial Attorneys
Criminal Division, Fraud Section
    1200/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1259/0762
    E-mail:   alexander.schwab@usdoj.gov
              haoxiaohan.cai@usdoj.gov

Attorneys for Intervenors
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>ANDREW LEFT and CITRON CAPITAL, LLC,<br><br>        Defendants. | No. 2:24-cv-06311-SPG-RAO<br><br>GOVERNMENT'S MOTION TO INTERVENE AND TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES |

The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, the Acting Chief of the Fraud Section of the Criminal Division of the U.S. Department of Justice, Assistant United States Attorneys Alexander B. Schwab and Haoxiaohan Cai and Trial Attorneys Lauren Archer and Matthew Reilly, hereby file this motion to intervene and to stay discovery in this action under Federal Rule of

Civil Procedure 24, pending resolution of United States v. Left, 2:24-cr-00456-TJH, an ongoing criminal prosecution of the same defendant.

As proposed intervenor, the government conferred with the parties to this action between May 28, 2025 and June 9, 2025, by teleconference as well as email, regarding the government's intention to file this motion. Plaintiff, the Securities and Exchange Commission, takes no position with regard to this motion. Defendant Andrew Left opposes the motion to stay.

Pursuant to L.R. 7-3, the government therefore files this motion, which is based on the files and records in this case and in United States v. Left, 2:24-cr-00456-TJH, and such further evidence and argument as the Court may permit.

Dated: July 8, 2025               Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  United States Attorney

                                  LORINDA I. LARYEA
                                  Chief, Fraud Section
                                  Criminal Division of DOJ

                                        /s/
                                  LAUREN ARCHER
                                  MATTHEW REILLY

                                  ALEXANDER B. SCHWAB
                                  HAOXIAOHAN CAI

                                  Attorneys for Interveners
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The United States moves to intervene in this civil enforcement action to stay discovery pending resolution of the parallel criminal prosecution of defendant Andrew Left, currently set for trial in March 2026.

While defendant Left opposes this stay, his opposition cannot override the compelling judicial, governmental, and public interests at stake.  A temporary stay is warranted to preserve judicial resources, prevent circumvention of the criminal discovery process, and advance the public's interest in law enforcement and the integrity of criminal actions.  A stay would neither prejudice the plaintiff – who does not oppose the stay and takes no position with regard to it – nor burden defendant – who prefers to proceed with parallel litigation.  For these reasons, and those set forth below, the Court should grant the government's motion and stay civil discovery until the conclusion of the criminal case.

**II.   FACTUAL BACKGROUND**

On July 25, 2024, a federal grand jury indicted defendant Andrew Left on nineteen criminal counts arising from a securities fraud scheme relating to at least 15 targeted companies that generated at least $16 million in illegal trading profits. Indictment at 33, United States v. Left, 2:24-cr-00456-TJH (C.D. Cal. July 25, 2024), ECF No. 1.  The indictment charges defendant with one count of securities fraud, in violation of 18 U.S.C. § 1348(1), seventeen counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5, and one count of making a false statement to federal investigators, in violation of 18 U.S.C. § 1001(a)(2).

Trial is set for March 17, 2026 before the Honorable Terry J. Hatter Jr.

On July 26, 2024, the Securities and Exchange Commission ("SEC") filed this action against defendant Left and Citron Capital, LLC ("Citron"), an investment vehicle controlled by Left, based on substantially the same conduct. The complaint alleges that from March 2018 to December 2020, defendants violated federal securities laws by engaging in deceptive acts "relating to 23 target companies on at least 26 occasions which allowed him to generate approximately $20 million in illegal trading profits through a scheme to defraud." Compl. 2, ECF No. 1. Left and Citron are charged with violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. Additionally, the complaint charges Left with violating Section 20(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78t(b)].

Defendant has already had nearly twelve months to prepare his defense in this case. On October 10, 2024, defendant filed a motion to dismiss, which was denied on April 22, 2025. On June 13, 2025, defendant answered the complaint and generally denied the allegations. (Answer, ECF No. 37.) This Court set a scheduling conference for August 6, 2025. Scheduling Order, ECF No. 38.

The civil and criminal actions overlap substantially but differ in scope. Both cases allege that defendant exploited his influence as a popular financial commentator by issuing false and misleading reports, tweets, and public statements designed to manipulate stock prices, then trading against his own recommendations to capture profits from the market movements he deliberately caused. Compl. ¶¶

5-6, 8; Indictment ¶¶ 5-7. Both this case and the criminal case also allege that defendant targeted retail investors to maximize his impact; that he used fake investor letters to advance the false pretense that defendant successfully managed outside investors' money; and that he concealed compensation from hedge funds to fraudulently bolster his reputation as an independent publisher. Compl. ¶¶ 7-8, 32-35, 38, 42, 65-66, 116, 147-77; Indictment ¶¶ 19h, 21, 27-28, 71-77, 86-103. However, the civil action alleges deceptive acts occurring over a longer period of time and involving more companies. Compl. Appx. A. Additionally, the criminal case encompasses additional conduct, charging defendant with making false statements to federal agents and other acts to conceal his crimes. Indictment ¶¶ 20, 28, 104-06, 112-13.

The government now seeks to intervene and stay civil discovery to prevent circumvention of criminal discovery rules and protect the integrity of the ongoing prosecution.[1] Given the overlap of issues between this case and the criminal case, the public interest in permitting criminal prosecutions to proceed without circumvention of criminal discovery that a parallel civil case threatens, and this Court's interest in judicial economy, a stay is in the best interest of justice. SEC v. Nicholas, 569 F. Supp. 2d 1065, 1069-72 (C.D.

---

[1] Through an agreement with predecessor counsel for defendants, the government had agreed to wait to intervene and file a motion to stay until the motion to dismiss litigation had concluded. Based on preliminary conversations with predecessor counsel, the government was optimistic that defendants would consent to a stay. Prior to the government's ability to reach an agreement with predecessor counsel, defendants changed counsel. After providing a reasonable time for defendants to become familiar with the case, the government inquired whether defendants would consent to a stay. They will not. Therefore, with the motion to dismiss litigation complete, new counsel settled on the case, and the commencement of discovery on the horizon, the government's motion is now ripe.

Cal. 2008) (permitting intervention and staying discovery, emphasizing "public has an interest in ensuring the criminal discovery process is not subverted"); see SEC v. Garelick, 2023 WL 8602840, at \*\*2-6 (S.D.N.Y. Dec. 12, 2023) (permitting intervention and staying discovery, emphasizing need "to protect the integrity of the criminal justice process").

## III. LEGAL STANDARD

### A. Motion to Intervene

Federal Rule of Civil Procedure 24 permits intervention by a third party to a lawsuit, both as a right and with the Court's permission. Fed. R. Civ. P. 24(a)-(b). In the Ninth Circuit, the party seeking intervention as a right must satisfy four requirements: (1) it has a significant protectable interest as to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately meet the applicant's interest. Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc., 54 F.4th 1078, 1086 (9th Cir. 2022).

Alternatively, intervention is permitted when the movant presents: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Callahan v. Brookdale Senior Living Cmtys., Inc., 42 F.4th 1013, 1022 (9th Cir. 2022) (quoting Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011)).

Whether asserting a right to intervene or seeking leave to do so, "Rule 24 traditionally receives liberal construction in favor of

applicants for intervention." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).

### B. Motion to Stay

The Court has discretion to stay civil proceedings, in the face of a parallel criminal proceeding, "when the interests of justice seem to require such action." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (cleaned up). As Keating explains, the Court:

> should consider the extent to which the defendant's Fifth Amendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;(2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

45 F.3d at 324–25 (cleaned up).

In weighing the Keating factors, "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." Bureerong v. Uvawas, 167 F.R.D. 83, 87 (C.D. Cal. 1996) (cleaned up); see also Baker v. SeaWorld Entertainment, Inc., Case No. 14-cv-2129-MMA (AGS), 2018 WL 1726534, at *3 (S.D. Cal. Apr. 10, 2018).

## IV. ARGUMENT

### A. Intervention under Rule 24 Is Proper

5

The government has both a right to intervene under Federal Rule of Civil Procedure 24(a) and good cause for permissive intervention under Rule 24(b).

As established by the Ninth Circuit, the government satisfies all four requirements for intervention as of right under Federal Rule of Civil Procedure 24(a). First, the government's motion is timely, because the parties have not yet commenced discovery. See, e.g., SEC v. Holcom, No. 12-CV-1623-H (JMA), 2013 WL 12073831, at *2 (S.D. Cal. Sept. 6, 2013) (finding action timely where parties had "engaged in little, if any, discovery"). Second, the government has a "distinct and discernable interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." Id. Third, the disposition of the action may, as a practical matter, impair or impede the government's ability to protect its interest. Fourth, "neither the [p]laintiffs nor the [d]efendants have this identical interest," and as such, may not adequately represent the government's interest. Id.

Intervention is also clearly appropriate under Rule 24(b)(1)(B). In addition to the Ninth Circuit's instruction that applications to intervene be liberally construed in favor of the intervenor, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law or fact." SEC v. Garelick, No. 23 Civ. 5567 (PGG), 2023 WL 8602840, at *2 (S.D.N.Y. Dec. 12, 2023) (internal quotation marks omitted); see also Bureerong v. Uvawas, 167 F.R.D. 83, 86 (C.D. Cal. 1996) (collecting cases).

There are common questions of law and fact between this case and the criminal case because the same alleged fraud scheme forms the basis of both actions. Accordingly, the government's motion to intervene should be granted.

### B. A Stay Is in the Interest of Justice

Weighing the Keating factors, a stay of discovery is appropriate and in the interest of justice. Keating, 45 F.3d at 326.

#### 1. Defendant's Fifth Amendment Rights

Under Keating, the Court first considers "the extent to which the defendant's Fifth Amendment rights are implicated." Id. Defendant Left has not invoked his Fifth Amendment rights in his Answer or in his testimony before the SEC involving the issues in this litigation. Because defendant already testified before the SEC prior to the criminal and civil cases being filed, and has not invoked the Fifth Amendment, this factor is not at issue here.

#### 2. A Stay Does Not Prejudice Plaintiff

Next, the Court considers the plaintiff's interest in proceeding expeditiously with this litigation and the potential prejudice that would result from a delay. Here, the SEC has not objected to the request for a stay, which weighs in favor of finding that it will not be prejudiced by the proposed stay. Additionally, a brief, limited stay of discovery will neither materially delay the civil proceedings nor impose any substantial prejudice on the parties. See, e.g., SEC v. Christian Stanley, Inc., No. CV 11-7147 GHK, 2012 WL 13009158, at *4 (C.D. Cal. Sept. 6, 2012) ("Where a party seeks to intervene solely for the purpose of requesting a stay in the proceedings, the prejudice of intervention on the original parties is minimal."). At the conclusion of the criminal case, the stay would be lifted and the

parties would have an opportunity to engage in full discovery. See, e.g., Baker, 2018 WL 1726534, at *3 (granting stay of discovery in securities action where government sought stay limited to a defined period of time). This factor weighs in favor of granting a stay.

### 3. A Stay Neither Prejudices Nor Burdens Defendant

The Court considers next "the burden which any particular aspect of the proceedings may impose on defendants," specifically, whether allowing parallel proceedings would deprive defendants of "ample time to prepare [their] defense . . . and that the decision not to stay the hearing [would] not unduly compromise [defendant's] due process rights." Keating, 45 F.3d at 325. In this case, a stay of discovery would not burden defendant. First, defendant cannot claim prejudice from a temporary stay when the criminal trial is scheduled for March 2026 — just months away — after which full civil discovery can proceed unimpeded. See SEC v. Downe, No. 1:92-CV-4092-PKL, 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993)(finding defendants failed to demonstrate "any prejudice if all discovery is stayed . . . for a limited duration"); SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988)) ("[A]ppropriate opportunities for discovery can be allowed when the stay is lifted"); c.f., SEC v. ARVCO Cap. Rsch., LLC, No. 3:12-CV-00221-MMD, 2013 WL 3779338, at *10 (D. Nev. July 16, 2013)(finding stay would burden defendant where no criminal trial date had been set), and recons. denied, 2014 WL 65764, at *4 (D. Nev. Jan. 6, 2014). Second, by opposing the stay, defendant has explicitly chosen to shoulder the burden of defending both cases simultaneously, thereby waiving any claim that such parallel proceedings are unduly burdensome. See Christian Stanley, 2012 WL 13009158, at *4 ("[S]trictly speaking, this factor is not applicable when the

8

government is the party seeking stay and the defendant opposes it."). Accordingly, this factor weighs in favor of a stay.

### 4. Judicial Economy Weighs Strongly in Favor of a Stay

For the fourth factor, the Court considers whether granting a stay would aid "the convenience of the court in the management of its cases, and the efficient use of judicial resources." Keating, 45 F.3d at 325. Considerations of judicial economy weigh most strongly in favor of staying a civil proceeding or aspects of the civil proceeding when a parallel criminal proceeding is pending at the same time and involves overlapping issues. Christian Stanley, 2012 WL 13009158, at *5; see also Nicholas, 569 F. Supp. 2d at 1070-71.

Given the overlap of factual questions and legal issues between this case and the criminal case, there is a likelihood that "collateral estoppel may resolve common issues between the proceedings, thereby streamlining the civil proceeding." Id.; see also Nicholas, 569 F. Supp. 2d at 1070 ("[C]ollateral estoppel in the criminal case may expedite the resolution of the civil case."). This would "potentially pare down the issues to be determined in the civil case and serve the interests of judicial economy by narrowing the focus of the action to the benefit of the litigants." Bureerong, 167 F.R.D. at 87. It would also give the Court the ability to focus on other portions of its docket while hopefully benefiting from a streamlining of this case in the future. Judicial economy weighs strongly in favor of a stay.

### 5. The Government's Interest Strongly Supports A Stay

The fifth factor the Court should consider are the interests of nonparties to the civil litigation. Keating, 45 F.3d at 325. Here, factual questions and issues that will be the subject of discovery in

this action are also central to the criminal prosecution.  If discovery is not stayed, defendant will be able to use civil discovery to obtain testimony and documents that he could not obtain in connection with the ongoing criminal proceeding, therefore undermining the purposeful restrictions on criminal discovery.  See Nicholas, 569 F. Supp. 2d at 1071-72 (explaining criminal discovery rules that litigants would seek to circumvent "are purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witness[es] from harassment and intimidation, and to level the playing field between the government and defendant, who would be shielded from certain discovery by the Fifth Amendment"); Downe, 1993 WL 22126, at *12 ("[A] stay of discovery is often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution").  The government's interest is compelling and weighs strongly in favor of a stay.

      6.   A Stay Is in the Public's Interest

The public interest in the criminal investigation "overlaps substantially" with the government's interest in protecting its criminal investigation and is another significant factor weighing in favor of a stay.  Christian Stanley, 2012 WL 13009158, at *6.  The Ninth Circuit instructs that "a trial judge should give substantial weight to the public interest in law enforcement" in balancing against "the right of a civil litigant to a reasonably prompt resolution of civil claims."  Bureerong, 167 F.R.D. at 87 (quoting Campbell, 307 F.2d at 487).  Although "[t]he public also has an interest in the timely resolution of the civil enforcement action because the SEC is charged with protecting the stability of the

markets and the integrity of representations by its participants," Christian Stanley, 2012 WL 13009158, at *6, ultimately, "[t]he public interest in protecting the integrity of the criminal actions and advancing the speedy resolution of the criminal actions weighs in favor of staying this civil action." Giguiere, 2018 WL 9516048, at *3.  In addition, courts recognize the public interest in ensuring that the "integrity and truth-seeking function of the criminal [discovery] process" is not subverted.  Nicholas, 569 F. Supp. 2d at 1072.

## V.     CONCLUSION

The balance of factors overwhelmingly supports granting the government's requested stay.  The fourth, fifth, and sixth Keating factors decisively favor a stay: judicial resources will be conserved, the integrity of criminal discovery protections will be preserved, and the public interest in fair criminal proceedings will be served.  Additionally, factors two and three demonstrate no cognizable prejudice or burden on the parties — the criminal trial is set for March 2026, after which civil discovery can proceed in full, and defendant has voluntarily chosen to bear any burden of parallel proceedings by opposing this stay.

The government therefore respectfully requests that the Court grant its motion to intervene and stay discovery in this case to protect the integrity of the criminal prosecution.