BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA SHAY
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Deputy Chief, Criminal Division
HAOXIAOHAN CAI (Cal. Bar No. 331131)
Assistant United States Attorney
Major Frauds Section
LAUREN ARCHER
MATTHEW REILLY
Trial Attorneys
Criminal Division, Fraud Section
     1200/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1259/0762
     E-mail:    alexander.schwab@usdoj.gov
                haoxiaohan.cai@usdoj.gov

Attorneys for Intervenors
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>              v.<br><br>ANDREW LEFT and CITRON CAPITAL, LLC,<br><br>              Defendants. | No. 2:24-cv-06311-SPG-RAO<br><br>GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE AND TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: August 13, 2025<br>Hearing Time: 1:30 p.m. |
|---|---|

The United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, the Acting Chief of the Fraud Section of the Criminal Division of the U.S. Department of Justice, Assistant United States Attorneys Alexander B. Schwab and Haoxiaohan Cai and Trial Attorneys Lauren Archer and Matthew Reilly, hereby file this reply to defendants' opposition to the government's motion to intervene and to

stay discovery in this action under Federal Rule of Civil Procedure 24, pending resolution of United States v. Left, 2:24-cr-00456-TJH, an ongoing criminal prosecution of the same defendant.

| | |
|---|---|
| Dated: July 31, 2025 | Respectfully submitted, |
| | BILAL A. ESSAYLI<br>Acting United States Attorney |
| | LORINDA I. LARYEA<br>Chief, Fraud Section<br>Criminal Division of DOJ |
| |     /s/<br>LAUREN ARCHER<br>MATTHEW REILLY |
| | ALEXANDER B. SCHWAB<br>HAOXIAOHAN CAI |
| | Attorneys for Intervenors<br>UNITED STATES OF AMERICA |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The government's intervention is proper and a temporary stay of this proceeding is warranted to preserve judicial resources, prevent circumvention of the criminal discovery process, and advance the public's interest in law enforcement and the integrity of criminal actions.  Defendants' opposition reads less like a legal brief and more like a manifesto.  Rather than address the government's core points, defendants misstate legal standards and purport to raise concerns on behalf of all "finfluencers" exercising First Amendment rights that do not override the compelling judicial, governmental, and public interests at stake.  A stay would neither prejudice the plaintiff – who takes no position with regard to it – nor burden defendant.  For these reasons, the Court should grant the government's motion and stay civil discovery until the conclusion of the criminal case.

**II.  ARGUMENT**

   A.  <u>The Government's Intervention is Proper and Necessary</u>

Defendants' protest that the government lacks standing to intervene is curious, given that they simultaneously acknowledge "DOJ is often granted permission to intervene for the limited purpose of moving to stay an SEC case." Defs.'s Opp'n 8. Courts regularly allow the government to intervene to protect the integrity of criminal proceedings, and defendants cite no case holding otherwise. <u>See</u> <u>Bureerong v. Uvawas</u>, 167 F.R.D. 83, 86 (C.D. Cal. 1996) (collecting cases). Defendants' reliance on <u>SEC v. Rampoldi</u> underscores the weakness of their position.  There, the court found the government's motion to intervene "premature" because defendants had not even

responded to the complaint yet. SEC v. Rampoldi, No. 16cv2017-MMA, 2016 WL 11621801, at *1 (C.D. Cal. Oct. 27, 2016). Here, we are well past that stage — defendants have answered, discovery is imminent, and the criminal trial is rapidly approaching. That defendants must cherry-pick cases where intervention was denied on distinguishable grounds highlights the absence of any case denying a properly presented stay request in circumstances like these.

Defendants complain that the government's motion contains "generic platitudes" while dedicating pages to irrelevant historical narratives about other short sellers and industry-wide investigations. The government's interest is neither generic nor abstract: we seek to prevent the circumvention of criminal discovery rules in an indicted case. This is precisely the type of concrete interest Rule 24(a) contemplates.

Additionally, intervention is clearly permissible under Rule 24(b), because the government presented: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Callahan v. Brookdale Senior Living Cmtys., Inc., 42 F.4th 1013, 1022 (9th Cir. 2022). In response, defendants argue "that may be true, but such generalized platitudes fail to demonstrate a compelling reason to permit DOJ to intervene." Defs.'s Opp'n 8. Defendants have conjured this "compelling reason" requirement out of thin air; in reality, the Ninth Circuit has instructed that applications to intervene be liberally construed in favor of the intervenor. Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). The government clearly has satisfied the conditions for permissive intervention under Rule 24(b) as defendants do not even

challenge jurisdiction, timeliness, or the common question. Accordingly, the government's motion to intervene should be granted.

### B. The Interests of Justice Require a Stay

Defendants again substitute their own standard for that of the Ninth Circuit in proclaiming the "principal factor in the interests-of-justice analysis is whether the absence of a stay will cause 'substantial prejudice' to a party to the civil proceeding." Defs.'s Opp'n 1; id. 8-9. Judge Scarsi recently rejected a similar attempt by defendants in SEC v. FAT Brands Inc., No. 24-cv-03913-MCS-AGR, 2024 WL 5319127, at *2 (C.D. Cal. Dec. 13, 2024), explaining this is an incorrect presentation of the Keating court's opinion and the Keating factors do not impose a "substantial prejudice" standard. Id. ("[T]he Keating factors guide this Court's analysis, but they do not impose a 'substantial prejudice' standard that otherwise restrains the Court's 'exercise of judgment, which must weigh competing interests and maintain an even balance.'") (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936). After weighing the competing interests raised by defendants and the government, the Court should find a stay of civil discovery is in the interest of justice. Keating, 45 F.3d at 326.

#### 1. A Stay Does Not Prejudice the SEC

The first Keating factor calls for courts to consider "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay." Keating, 45 F.3d at 325. Defendants make much of the fact that "the SEC has not joined DOJ's request for a stay" and argue "a stay would undermine the SEC's strong interest in proceeding expeditiously." Defs.'s Opp'n 12-13.

3

1  That the SEC "takes no position with regard to [the government's
2  motion]" is hardly the ringing endorsement of defendants' position
3  they suggest.  The SEC's neutrality, if anything, demonstrates that
4  it is not prejudiced by a stay.
5           2.   Defendants' Interests Do Not Weigh Against a Stay
6     The second Keating factor calls for courts to consider "the
7  burden which any particular aspect of the proceedings may impose on
8  defendants."  Keating, 45 F.3d at 325.  Specifically, whether
9  allowing parallel proceedings would deprive defendants of "ample time
10 to prepare [their] defense . . . and that the decision not to stay
11 the hearing [would] not unduly compromise [defendant's] due process
12 rights."  Id.  "[S]trictly speaking, this factor is not applicable
13 when the *government* is the party seeking stay and the defendant
14 opposes it.  SEC v. Christian Stanley, No. CV 11-7147-GHK, 2012 WL
15 13009158, at *4 (C.D. Cal. Sept. 6, 2012) (emphasis in original).
16 However, the court can consider this factor as aimed generally at
17 considering the interests of the defendant.  Id.
18    Defendants certainly have an interest in resolving this action
19 expeditiously.  Defs.'s Opp'n 1 (defendants assert that "[t]he
20 pendency of the SEC's lawsuit significantly impairs Mr. Left's
21 personal and professional life.").  However, given the posture of the
22 criminal case, a temporary stay of discovery would not affect
23 defendants' defense of the civil action.  The criminal trial is
24 scheduled for March 17, 2026 -- just over seven months away -- after
25 which full civil discovery can proceed unimpeded.  Even if the stay
26 lasted longer, as the defendants suggest (Defs.'s Opp'n 11), courts
27 have not given this argument much weight in cases, like this one,
28 where an indictment has been returned and a trial date is set.  See,

4

e.g., Cho v. City of San Jose, 636 F. Supp. 3d 1034 (N.D. Cal. Oct. 20, 2022) (six-month delay considered short, but no trial date had been set); Baker v. SeaWorld Entertainment, Inc., Case No. 14-cv-2129-MMA-AGS, 2018 WL 1726534, at *3 (S.D. Cal. Apr. 10, 2018) (granting stay of discovery for defined period of time); United States v. Bridges, 86 F. Supp. 931 (N.D. Cal. 1949) (granting stay where indictment returned and trial scheduled); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6 (D. Conn. 2002); Rosenthal v. Giuliani, No. 98 Civ. 8408-SWK, 2001 WL 121944, at *2 (S.D.N.Y. Feb. 9, 2001) (granting stay where indictments issued, citing public interest in "ensuring criminal discovery is not subverted"); SEC v. Downe, No. 1:92-CV-4092-PKL, 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993) (granting stay where government demonstrated interest in protecting criminal discovery and finding defendants failed to demonstrate "any prejudice if all discovery is stayed . . . for a limited duration"); Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007 (E.D.N.Y. 1992) (granting stay of all civil discovery where indictment returned and trial scheduled). Moreover, defendants acknowledge "DOJ has already produced to Mr. Left's criminal defense team the vast majority of the SEC's documents." Defs.'s Opp'n 9.

The government strongly objects to depositions of potential witnesses in the criminal case proceeding in advance of trial. Defendants' concern about "fading memories" does not establish the kind of hardship that would weigh against a stay. SEC v. Christian Stanley, Inc., No. CV117147GHKMANX, 2012 WL 13009158, at *5 (granting stay of civil discovery where defendant made no specific showing of whose recollections would fade during the stay). The example provided by defendants involves statements in March 2025 by █

5

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, while defendant Left is charged with
2 securities fraud related to his trading and statements related to
3 Beyond Meat in May 2019.  Ind. ¶¶ 53-57 (Count 1), 111 (Count 11).
4 Moreover, defendants' Beyond Meat anecdote is irrelevant to this
5 analysis because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Defs.'s
7 Opp'n 12.  It is unclear how memories would worsen in this situation
8 if a stay is granted.

Defendants' argument that a temporary stay of discovery would prejudice their defense lacks merit.  The alleged conduct occurred many years ago, making it unlikely that a matter of months would materially impair their ability to mount an effective defense.  Accordingly, this factor does not weigh against a stay.

### 3.   Judicial Economy Weighs Strongly in Favor of a Stay

The third <u>Keating</u> factor calls for courts to consider "the convenience of the court in the management of its cases, and the efficient use of judicial resources." <u>Keating</u>, 45 F.3d at 325. Given the overlap of factual questions and legal issues, judicial economy weighs strongly in favor of staying the civil proceeding while the criminal case is pending.  <u>See</u> <u>id.</u>  Defendants argue a stay will not conserve judicial reasons for two reasons: first, the SEC complaint contains allegations that are not included in the criminal indictment; and second, defendants boldly proclaim that "Mr. Left is very unlikely to be convicted in the criminal case," and even if he was, "such a jury verdict would be dead on arrival in the court of appeals." Defs.'s Opp'n 13.

A criminal defendant's swagger is not a basis for denying a stay of discovery.  To hold otherwise would allow a defendant to bluster

his way out of a stay. The Court also need not find that "a conviction would be conclusive of the SEC's entire complaint" or that the government is likely "to convince a jury that Mr. Left committed securities fraud," to find that a stay may conserve judicial resources. Id. There is significant overlap between the proceedings, and regardless of the outcome of the criminal case, collateral estoppel may narrow the issues to be determined in the civil case, which would benefit the court and parties. See Christian Stanley, 2012 WL 13009158, at *5; SEC v. Nicholas, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008); Bureerong, 167 F.R.D. at 87. Judicial economy weighs strongly in favor of a stay.

                4.    The Government's Interest in a Stay Is Compelling

The fourth Keating factor courts consider "is the interests of persons not parties to the civil litigation." Keating, 45 F.3d at 325. Here, the government's interest in maintaining the integrity of the criminal proceeding is compelling and weighs strongly in favor of a stay. See Downe, 1993 WL 22126, at *12 ("[A] stay of discovery is often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution"); SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) ("The government had a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."); SEC v. Beacon Hill Asset Management LLC, 2003 WL 554618 (S.D.N.Y. 2003)(granting stay); SEC v. Doody, 186 F. Supp. 2d 379 (S.D.N.Y. 2002)(granting stay).

In particular, the government strongly objects to depositions of potential witnesses in the criminal case proceeding in advance of

7

trial.  In response, defendants cite one case, SEC v. Mazzo, No. SA CV 12-1327-DOC, 2013 WL 812503 (C.D. Cal. 2013), in which the court denied the government's motion to stay, without prejudice, allowing the government to later argue specific depositions should be stayed. The government could make a similar proffer here.  However, there is a critical difference between Mazzo and this case: defendant Mazzo was not charged in the parallel criminal case, and for that reason, Mazzo should not drive the Court's balancing here. Mazzo, 2013 WL 812503, at *2.  In this case, the government's interest in a temporary stay outweighs defendants' interest in proceeding with civil discovery before the criminal trial.

         5.   A Stay Is in the Public's Interest

The fifth Keating factor courts consider is "the interest of the public in the pending civil and criminal litigation." Keating, 45 F.3d at 325.  Defendants' attempts to recast Mr. Left as a "finfluencer" exercising his First Amendment rights and to proclaim the SEC complaint "potentially impacts every person who exercises his or her First Amendment right to speak publicly" grossly mischaracterizes the facts and is irrelevant to the stay analysis. Defs.'s Opp'n 13-14.

The public interest in the criminal investigation overlaps substantially with the government's interest in protecting its criminal investigation and is another significant factor weighing in favor of a stay.  In weighing the Keating factors, a trial judge should give "substantial weight" to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or

8

liabilities." Nicholas, 569 F. Supp. 2d at 1072; see also Christian Stanley, 2012 WL 13009158, at *6.

**V.    CONCLUSION**

The balance of factors overwhelmingly supports granting the government's requested stay. Judicial resources will be conserved, the integrity of criminal discovery protections will be preserved, and the public interest in protecting the integrity of criminal proceedings will be served. Additionally, a temporary stay imposes no substantial prejudice or burden on the parties — the criminal trial is set for March 2026, after which civil discovery can proceed. Therefore, the government respectfully requests that the Court grant its motion to intervene and stay discovery in this case to protect the integrity of the criminal prosecution.

CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the United States of America, certifies that this brief contains 2,305 words, which complies with the word limit of L.R. 11-6.1.